# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STATE OF OHIO,
 EX REL TED MARCUM,

                Petitioner,             :     Case No. 3:17-cv-437

    - vs -                          District Judge Walter H. Rice
                                 Magistrate Judge Michael R. Merz

SHERIFF DAVE DUCHAK, et al.,
                              :
                Respondents.

# REPORT AND RECOMMENDATIONS ON REQUEST FOR HABEAS CORPUS RELIEF

This case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases. In the body of his Complaint in this case, Petitioner Marcum has sought habeas corpus relief from the sentence he is serving in the Miami County Jail in the custody of Respondent Sheriff Dave Duchak.

Habeas corpus relief may not be granted in a proceeding under 42 U.S.C. § 1983. A district court cannot grant release from confinement in a § 1983 action; to do so would frustrate the habeas exhaustion requirements. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). When a complaint purports to be under 42 U.S.C. § 1983 but seeks release or even if findings of illegal conviction would be a necessary predicate to granting requested money damages, a federal court must await exhaustion before proceeding either in habeas or 1983. *Hadley v. Werner*, 753 F.2d 514 (6th Cir. 1985).

Petitioner's request for habeas corpus relief was filed first in the Miami County Common Pleas Court and assigned to The Honorable William H. Wolff, Jr., who was sitting by assignment.

Judge Wolff ruled that state habeas corpus was not available to Marcum because he could obtain relief for the legal claims he made on appeal from Judge Gutmann's judgment. Federal habeas corpus does not follow that rule, but does require that, before a habeas corpus action is brought, a petitioner must exhaust available state court remedies. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Manning v. Alexander*, 912 F.2d 878 (6th Cir. 1990).

Because Marcum has not yet exhausted his available state court remedies, his request for habeas corpus relief should be dismissed without prejudice. He can review his request (by a separate habeas corpus petition filed on the required standard form available from the Clerk) once his state court remedies are exhausted.

**Conclusion**

It is accordingly respectfully recommended that Mr. Marcum's request for habeas corpus relief be dismissed without prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*. If the Court adopts this recommendation, it should also find there is no just reason for delay and enter a judgment on the habeas corpus claims so that Mr.

Marcum can appeal if he wishes.


January 11, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).