# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STATE OF OHIO,
EX REL TED MARCUM,

Petitioner, : Case No. 3:17-cv-437

- vs - District Judge Walter H. Rice
Magistrate Judge Michael R. Merz

SHERIFF DAVE DUCHAK, et al.,
:
Respondents.

## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS OF STACY WALL

This case is before the Court on Motion to Dismiss of Defendant Stacy Wall (ECF No. 4) which Plaintiff opposes (ECF No. 5).

Defendant Wall's Motion cites no particular authority for dismissal. Because the case has been removed to federal court, the Motion must be evaluated under the Federal Rules of Civil Procedure and this Court treats it as a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Attorney Wall notes that she is purportedly sued in her official capacity as an Assistant Miami County Prosecutor but that she does not hold that office; rather, she is Law Director for the City of Piqua, Ohio.

Plaintiff responds that to his knowledge Ms. Wall is the person who, on October 12, 2017, advised him "to waive his right to counsel" in the case then pending before Judge Gutmann and was also the person who first advised him of the failure of the Municipal Court to timely appoint

counsel for him. (ECF No. 5, PageID 271-72). He speculates that on the occasion in question, Ms. Wall was sitting in for the assigned assistant county prosecutor. Marcum requests a full evidentiary hearing on the Motion with the Court conducting what would include what would amount to a lineup of Ms. Wall and Ms. Lenee Brosh so that Mr. Marcum can identify which of them is the person to whom he is referring.

The gravamen of Marcum's complaint against Ms. Wall is "that it is illegal, unethical, and unconstitutional for prosecutors' to approach criminally accused defendants to either incourage [sic] or advise them to 'waive' their right to counsel." (Complaint, ECF No. 2, PageID 184). At a later point he alleges ""[i]t is also a conflict of interest as well as a structural error for any prosecutor to give "legal advise [sic]" to a criminal defendant that may incourage [sic] a defendant to forfeit any of his constitutional rights. . ." *Id.* at PageID 185.

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has been stated by the Supreme Court as follows:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be

> exposed at the point of minimum expenditure of time and money by the parties and the court.'" 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Hawaii 1953) ); see also *Dura [Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005)], at 346, 125 S.Ct. 1627; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc* ., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) ("[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase").

*Twombly*, 550 U.S. at 558; *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545 (6th Cir. 2007).

42 U.S.C. § 1983, R.S. § 1979, the statute under which Mr. Marcum brought suit, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978).

The question before the Court on the instant Motion to Dismiss is whether Mr. Marcum has stated a plausible claim that Ms. Wall deprived him of his constitutional rights if she did what he alleges she did. The answer is no. Whether or not it is unethical or "illegal" for a prosecutor

to give legal advice to a criminal defendant, it is not unconstitutional to do so. In fact it is a common, even routine, practice for prosecutors to encourage defendants to waive their right to counsel in the course of pleading guilty or no contest. A person constitutionally entitled to appointed counsel cannot validly plead no contest without waiving his right to representation. Whether or not receiving advice from a prosecutor to waive counsel renders the plea involuntary is a question for Plaintiff to raise on appeal or later in habeas corpus in this case. But as pleaded the claim against Ms. Wall does not state a claim upon which relief can be granted under 42 U.S.C. § 1983.

It is therefore respectfully recommended that this case be dismissed as to Defendant Stacy Wall for failure to state a claim upon which relief can be granted.

January 11, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

