# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STATE OF OHIO,
 EX REL TED MARCUM,

               Petitioner,      :      Case No. 3:17-cv-437

   - vs -                                  District Judge Walter H. Rice
                                                 Magistrate Judge Michael R. Merz

SHERIFF DAVE DUCHAK, et al.,

                                        :

               Respondents.

# ORDER DENYING APPOINTMENT OF COUNSEL AND FINDING MOTION FOR CLASS CERTIFICATION TO BE MOOT

This case is before the Court Petitioner's Motion for Appointment of Counsel (part of ECF No. 3). In support thereof, Mr. Marcum represents (without providing any detail) that he is indigent.

Appointment of counsel in criminal cases is mandated by the Sixth Amendment to the United States Constitution. *Powell v. Alabama*, 287 U.S. 45 (1932)(capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002)(even if sentence is suspended).

However, appointment of counsel in a civil case is not a constitutional right. *Mekdeci v. Merrell National Laboratories,* 711 F.2d 1510, 1522, n. 19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982); *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985), cited approvingly in *Lavado, Jr. v. Keohane,*

992 F.2d 601 (6th Cir. 1993). A district court has no authority to compel an attorney to accept appointment. *Mallard v. U.S. Dist. Court, S.D. Iowa*, 490 U.S. 296 (1989). Congress has never appropriated any funds for compensation of appointed counsel in civil cases generally. Therefore the request for appointment of counsel is DENIED.

Perhaps recognizing that the Court cannot certify a class in a case where the class representative is not represented by counsel, Mr. Marcum requests class certification only "after counsel has been appointed. . ." (ECF No. 3, PageID 262[1].) Because appointment of counsel has been denied, the request for class certification is MOOT.

January 11, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page. The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference. (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.) The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy. Therefore, nonconforming filings will be stricken.