IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

STATE OF OHIO
EX REL TED MARCUM,

            Petitioner,    :    Case No. 3:17-cv-437

  - vs -                                 District Judge Walter H. Rice
                                            Magistrate Judge Michael R. Merz

SHERIFF DAVE DUCHAK,
                                        :
            Respondent.

## SUPPLEMENTAL OPINION, REPORT, AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 21) to the Magistrate Judge's Report and Recommendations that (1) Mr. Marcum's request for habeas corpus relief be dismissed without prejudice (ECF No. 16) and (2) that his complaint as to Defendant Stacy Wall be dismissed for failure to state a claim upon which relief can be granted (ECF No. 17) and to the Magistrate Judge's Decision denying appointment of counsel and finding Marcum's motion for class certification to be moot (ECF No. 19). Judge Rice has recommitted these three matters, pursuant to Fed. R. Civ. P. 72(b)(3), for reconsideration in light of the Objections (ECF No. 24).

**Habeas Corpus Relief**

As part of his Complaint under 42 U.S.C. § 1983, filed initially in the Miami County Common Pleas Court, Mr. Marcum sought habeas corpus relief from the conviction on which he is currently serving a sentence in the Miami County Jail. Prior to removal to this Court, Judge

1

William H. Wolff, Jr., sitting by assignment in that court, held that state habeas relief was not available because Marcum had a remedy by way of appeal. After removal and noting that habeas relief is not available in a § 1983 action, the Magistrate Judge recommended dismissal without prejudice until Marcum had exhausted his state court remedies (Report, ECF No. 16, PageID 338).

Marcum objects that the exhaustion doctrine is not jurisdictional (Objections, ECF No. 21, PageID 354). He is correct; the exhaustion doctrine is not jurisdictional and is thus waivable by the State, *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). However, 28 U.S.C. § 2254(b)(3) as added by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214), provides "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." The warden may waive exhaustion by counsel's conduct which "manifested a clear and unambiguous intent to waive the requirement." *D'Ambrosio v. Bagley,* 527 F.3d 489, 496 (6th Cir. 2008). But simple failure to raise the exhaustion requirement does not, by itself, waive that requirement. *Id*. at 497, *citing Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004); *Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir. 2005); and *Rockwell v. Yukins*, 217 F.3d 421, 424 (6th Cir. 2000). In the absence of exceptional or unusual circumstances, principles of comity and federalism require that unexhausted claims be decided in the first instance by the state courts even if the State does not raise the defense. *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996)(per curiam)(en banc).

Marcum argues that because it was the Defendants who removed the case to federal court, they should be held to have waived exhaustion by removal. But that would be a forfeiture of the defense, rather than an express waiver, and hence not satisfy the statute. Moreover, the Attorney General of Ohio, who by law represents the State in habeas cases, has never been served with a

2

copy of the Complaint and ordered to answer. Because the State has not expressly waived the exhaustion defense, the habeas portion of the Complaint should be dismissed without prejudice to refiling once exhaustion is complete.

Marcum also objects to the Magistrate Judge's analyzing the habeas portion of the Complaint as brought under 28 U.S.C. § 2254. He contends his habeas claim should be analyzed under 28 U.S.C. § 2241 or as seeking a common law writ of habeas corpus, which he asserts is authorized by the Suspension Clause (Objections, ECF No. 21, PageID 357-58,) Actually, § 2241 is the source of habeas jurisdiction for federal judges and § 2254 limits the application of that jurisdiction when the petitioner is a person in custody by virtue of a state conviction. § 2241 may not be used by such a petitioner to avoid the restrictions of the AEDPA. *Rittenberry v. Morgan*, 468 F.3d 331 (6th Cir. 2006). Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). Marcum cites no authority for the proposition that federal district courts have the power to issue common law writs of habeas corpus for persons in custody pursuant to state court judgment, except as constrained by 28 U.S.C. § 2254.

Marcum also objects that his claim is the Common Pleas Court lacked jurisdiction to try him. If he is correct, then his confinement is unconstitutional, but that does not relieve him of the burden of exhausting state court remedies for the lack of jurisdiction claim.

In the Report, the Magistrate Judge recommended denying a certificate of appealability on the habeas claims because reasonable jurists would not disagree with the conclusion that Marcum should be required to exhaust his state court remedies and also certifying to the Sixth Circuit that

any appeal of that portion of the case would not be taken in good faith and should not be permitted to proceed *in forma pauperis*.. Marcum asks for a certificate, but does not state how reasonable jurists would disagree (Objections, ECF No. 21, PageID 368.)

**Recommended Dismissal of Defendant Stacy Hall**

The Magistrate Judge also filed a Report recommending that claims against Defendant Stacy Hall be dismissed for failure to state a claim upon which relief could be granted (ECF No. 17, PageID 342-43.)

Marcum objects because he says the Report states the claims against Ms. Wall must be brought in habeas. The Report in question says no such thing. Marcum's claim is that Ms. Wall illegally and unethically advised him to waive his right to counsel. What the Report says is that any claim that this advice made the plea involuntary must be raised in habeas, a proceeding in which Ms. Wall would not be a party.

Marcum's argument is that it is unconstitutional for a prosecutor to encourage a defendant to waive his right to counsel on analogy to *Miranda v. Arizona*, 384 U.S. 436 (1966). The result of a *Miranda* violation is that subsequent statements by a defendant are inadmissible against him or her at trial, not civil liability under 42 U.S.C. § 1983. Even if there were civil liability, it could not be asserted until the conviction had been set aside, which has not happened here as yet. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994).

**Denial of Appointment of Counsel and Class Certification**

Marcum asked to have counsel appointed to represent him and that, after that was done, the Court certify this as a class action (ECF No. 3 in part). The Magistrate Judge denied appointment of counsel because the Court lacks funds to compel counsel to accept the representation and authority to compel counsel to accept the case pro bono publico (Order, ECF No. 19). Marcum objects, but does not refute either of these points. Instead, he asks the Court to allow him "to find a lawyer to be appointed, one whom [sic] will represent class action certification." The Court is certainly willing to consider appointment of any lawyer who is a member of the bar of this Court and who is willing to accept appoint without compensation.

**Conclusion**

Having reconsidered the matter in light of the Objections, the Magistrate Judge again respectfully recommends the habeas claims be dismissed without prejudice to refiling after exhaustion and that the claims against Stacy Wall be dismissed for failure to state a claim upon which relief can be granted. The Magistrate Judge will certainly reconsider appointment of counsel if a willing attorney is found by Plaintiff.

January 23, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).