# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STATE OF OHIO
 EX REL TED MARCUM,

                Petitioner,         :         Case No. 3:17-cv-437

    - vs -                                   District Judge Walter H. Rice
                                           Magistrate Judge Michael R. Merz

SHERIFF DAVE DUCHAK,

                                          :

                Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Supplemental Objections (ECF No. 26) to two Reports and Recommendations (ECF No. 16 & 17), combined in the same document with initial Objections to Magistrate Judge Merz's Report and Recommendations on motion for Temporary Protection Order (ECF No. 18). Despite this caption, Mr. Marcum only presents additional arguments on the recommendation that he be required to exhaust available state court remedies. Judge Rice has recommitted the matter for reconsideration in light of the Objections (ECF No. 27).

Mr. Marcum notes that he had already objected (ECF No. 21) to the first two of these Reports, but wishes to supplement his objections and states that he is still within the fourteen-day time period allowed for objections. While the time observation is correct, piece-mealing objections is not an acceptable practice. Fed. R. Civ. P. 72 contemplates one set of objections to each report. While the Court will deal with the merits of the supplemental objections on this occasion, future sets of objections may not be supplemented without prior court permission.

1

The Magistrate Judge recommended dismissing the habeas corpus portion of Mr. Marcum's Complaint without prejudice to its re-filing after he had exhausted state court remedies (Report, ECF No. 16, PageID 338). Marcum objected that the State had waived exhaustion by removing the case to federal court (Objections, ECF No. 21). On reconsideration by order of Judge Rice, the Magistrate Judge noted that, under the AEDPA, waiver must be express rather than implied and the Attorney General, who represents the State in habeas corpus cases, was not counsel of record in the case (Supplemental Report, ECF No. 25).

Mr. Marcum now notes that this way of approaching exhaustion may prevent habeas corpus review because his imprisonment in the underlying case will expire April 2, 2018, and he might not thereafter be in sufficient custody to invoke the habeas corpus jurisdiction of this Court (ECF No. 26, PageID 385-87). He suggests instead that the proper course is to hold the habeas case in abeyance pending exhaustion. *Id.*

Petitioner's objection is well-taken. Mr. Marcum's dilemma is the same one the Supreme Court had in mind in its decision in 2005 when it held district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). If Mr. Marcum will embody his habeas claims in a petition under 28 U.S.C. § 2254 and file it with a motion to stay pending exhaustion, the Magistrate Judge will withdraw the recommendation to dismiss without prejudice. The reason for separating out the habeas claims is that this case was filed as a civil rights case under 42 U.S.C. § 1983 and the Supreme Court has held habeas corpus relief may not be granted in a § 1983 case. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). The Clerk will furnish Mr. Marcum with the proper habeas corpus form and he is granted leave to file the petition *in forma pauperis*.

Marcum's second supplemental objection is that exhaustion is not required "when the Miami County Municipal Court has not exercised jurisdiction on ruling on Petitioner Marcum's Motion for Relief from Judgment pursuant to Ohio R. Civ. P. 60(b)(5), and where an excusable procedural default occured [sic]." (ECF No. 26, PageID 388.) In that motion Marcum avers he brought up matters outside the record, to wit, that he was badgered into waiving his right to counsel. *Id.*

Because the Miami County Municipal Judge had not ruled on the motion to vacate, Marcum avers he included in his original complaint a request for mandamus relief to compel the Miami County Municipal Judge to rule on that motion. On November 30, 2017, Visiting Judge Wolff denied mandamus relief because of the pendency of an appeal from the conviction (ECF No. 1-13). Marcum complains that he did not receive a copy of this order until after the time for appealing from it to the Second District Court of Appeals had expired because of the service practices of the Miami County Clerk of Courts. *Id.* at PageID 388-91.

The usual mode of seeking relief from an Ohio criminal judgment based on facts outside the record is to file a petition for post-conviction relief under Ohio Revised Code § 2953.21. In *Dayton v. Hill*, 21 Ohio St. 2d 125 (1970), the Ohio Supreme Court held that Ohio municipal courts did not have jurisdiction to entertain petitions under Ohio Revised Code § 2953.21 when the conviction was for violation of a municipal ordinance. In *State v. Cowan,* 101 Ohio St. 3d 372 (2003), it extended that ruling to violations of state law. The *Cowan* court concluded:

> [**P19] In the years since this court's decision in *Hill,* the General Assembly has amended the post-conviction relief statute several times but still has never provided a procedure for handling any type of post-conviction petition in municipal court. See, e.g., 146 Ohio Laws, Part IV, 7815, 7823 (eff. 9-21-95); 146 Ohio Laws, Part VI, 10539, 10549 (eff. 10-16-96). Sub.S.B. No. 11 (eff. 10-29-03). In order for this court to hold that R.C. 2953.21 allows for municipal court jurisdiction, we would have to devise a procedure

3

> under which this post-conviction review could be accomplished in municipal court, since it is not provided in the plain language of the statute. To create this procedure would be to rewrite the statute, a function that must be left to the discretion of the General Assembly if it disagrees with the interpretations taken by this court.

*Id.*

Marcum cites *State v. Black*, 2008 WL 2938827 (1st Dist. Aug. 1, 2008), to demonstrate the propriety of method of proceeding. Black had been convicted of assault in the Hamilton County Municipal Court and sentenced to 180 days confinement. After unsuccessful appeals, he filed a "post-conviction motion for ineffective assistance of counsel" in the sentencing court. The First District applied *Cowan* to hold that the Hamilton County Municipal Court had no jurisdiction under Ohio Revised Code § 2953.21 and should have recast Black's motion as arising under Ohio R. Civ. P. 60(B)(5) as incorporated into Ohio R. Crim. P. 57(B). However, it also held the municipal court had no jurisdiction to decide at Rule 60(B) motion while a direct appeal was pending. *Id.* at ¶ 13. The First District did not hold that habeas corpus was available as a remedy to Black. *See Id.* at ¶ 5.

Judge Wolff characterized the motion Marcum filed in the Miami County Municipal Court as a "motion for a new sentencing hearing" and held Judge Gutmann would not have jurisdiction to consider that motion, absent a remand from the Second District of the direct appeal. Because that motion is not in the record before this Court, the Magistrate Judge has no way of telling whether it is a motion that should be recharacterized as arising under Ohio R. Civ. P. 65(B) to present matter outside the record. Assuming the Second District would follow *Black*, Marcum would have an available remedy parallel to Ohio Revised Code § 2953.21 in such a motion in the municipal court. Judge Wolff is correct that the Miami County Municipal Court would have no jurisdiction to consider that motion without a remand, but Mr. Marcum could

seek such a remand from the Second District. Thus the procedure available under Ohio law (assuming, again, the Second District would follow *Black*) is not futile. Therefore Mr. Marcum should be required to exhaust available state court remedies either by seeking remand from the Second District or by waiting until that court decides his appeal, then filing a Rule 60(B)(5) motion in the Miami County Municipal Court.

**Conclusion**

As set forth above, if Mr. Marcum will file a separate habeas corpus petition embodying his claims for that relief, the Magistrate Judge will grant a motion to hold those claims in abeyance pending exhaustion of state court remedies. However, the Magistrate Judge remains persuaded that Mr. Marcum should be required to exhaust.

January 26, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the

5

objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).