# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STATE OF OHIO
 EX REL TED MARCUM,

                Petitioner,      :      Case No. 3:17-cv-437

   - vs -                                  District Judge Walter H. Rice
                                              Magistrate Judge Michael R. Merz

SHERIFF DAVE DUCHAK,

                                         :

                Respondent.

## THIRD SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 34) to the Magistrate Judge's Second Supplemental Report and Recommendations (ECF No. 28). That Report concluded by again recommending that Mr. Marcum be compelled to exhaust available state court remedies for the habeas corpus portion of his Complaint. It agreed to hold a new habeas petition in abeyance to satisfy the custody requirement which would otherwise block habeas relief if Mr. Marcum were released before state court finality.

In his Objections, Marcum says he will file a separate habeas corpus petition, but he has not done so as February 20, 2018. Marcum further requests that the Court allow that new Petition to be labeled as an Amended Petition, to which the Court has no objection. He also requests that this new Petition be consolidated with this case. Because there are common questions of law and fact, that is also acceptable.

Marcum objects that the Magistrate Judge should have recommended that Marcum's off-record issues raised in Marcum's state habeas petition were proper for purposes of exhaustion

requirements as applied towards the off-record claims." (ECF No. 34, PageID 549). That is not a proper question for this Court, but rather a question of state law which the Second District Court of Appeals must resolve in Marcum's appeal.

Second, Marcum objects that the Magistrate Judge should have recommended that a void judgment can be attacked at any time. *Id.* Again, that is not a question of federal law, but of Ohio law.

Third, Marcum asserts that a state court remedy must be firmly established before it can be required to be exhausted (Objections, ECF No. 34, PageID 551) and notes that only the First District Court of Appeals has held that a motion under Ohio R. Civ. P. 60(B)(5) or Ohio R. Cim. P. 57 can be used to raise off-record claims in a misdemeanor case. Although apparently the Second District has not yet acted on that question, that does not imply Marcum is not obliged to ask them. And whatever the outcome on that question, he is still obliged to exhaust his direct appeal remedy on on-record constitutional error. The remedy of direct appeal is firmly established in Ohio. As the Second Supplemental Report points out, Marcum can attempt to exhaust these two remedies by asking for a remand from the Second District, which he has not done. Or, if as he says 95% of his issues are off-record, he could dismiss the appeal and obviate the present lack of jurisdiction in the Miami County Municipal Court.

Exhaustion of state court remedies takes time. Because of that, it is rare to see federal habeas corpus sought in misdemeanor cases. But this Court is not authorized to cast aside established habeas corpus doctrine on that basis.

**Conclusion**

The Magistrate Judge again respectfully recommends Mr. Marcum's habeas corpus claims be dismissed without prejudice for lack of exhaustion, but will withdraw that recommendation if Mr. Marcum files his proposed "Amended Petition" as he has promised to do.

February 20, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).