**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

STATE OF OHIO
 EX REL TED MARCUM,

     Petitioner,  : Case No. 3:17-cv-437

 - vs -       District Judge Walter H. Rice
           Magistrate Judge Michael R. Merz

SHERIFF DAVE DUCHAK,

            :

     Respondent.

# FOURTH SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (ECF No. 35) to the Magistrate Judge's Supplemental Opinion, Report and Recommendations (ECF No. 25). In the filing objected to, the Magistrate Judge recommended dismissing the habeas corpus portion of Marcum's Complaint for lack of exhaustion, recommended dismissing Defendant Stacy Wall for failure to state a claim upon which relief can be granted, and again denied appointment of counsel.

Marcum had argued that Respondents had waived the exhaustion requirement by removing the case to federal court. The Report quoted the AEDPA language that waiver must be expressed. Marcum objects that removal manifests a clear and unambiguous intent to waive exhaustion. The Magistrate Judge disagrees. Removal manifests a clear and unambiguous intent to have the case adjudicated in federal court and says nothing about exhaustion.

Marcum incorrectly asserts that the Miami County Prosecutor is an agent of the Attorney General of Ohio. Not so; both are independently elected public officials.

1

Marcum objects to the conclusion that his federal habeas corpus request for relief must be construed to be made under 28 U.S.C. § 2254 and not § 2241 or what he calls the "common law writ." This issue is sufficiently dealt with in the Report. Marcum writes at length about the unconstitutionality of the AEDPA. However, its constitutionality has been repeatedly upheld by the Supreme Court and the circuit courts.

The Report recommended dismissing Defendant Stacy Wall because the conduct she was alleged to have engaged in does not violate the United States Constitution. Marcum objects that the Court could grant him prospective relief in that nature of a declaratory judgment that he doncut violates *Miranda v. Arizona*, 384 U.S. 436 (1966). The point of the Report is that Ms. Wall's conduct, assuming she did what Marcum claims she did, does not violate *Miranda*. Marcum offers no authority to the contrary.

**Conclusion**

Having reconsidered the matter in light of Mr. Marcum's Objections, the Magistrate Judge adheres to his prior recommendations.

February 21, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).