# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STATE OF OHIO
 EX REL TED MARCUM,

                 Petitioner,        :        Case No. 3:17-cv-437

    - vs -                                District Judge Walter H. Rice
                                     Magistrate Judge Michael R. Merz

SHERIFF DAVE DUCHAK,
                                      :
                Respondent.

# FIFTH SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Duchak's Objections (ECF No. 45) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 41) to the extent that the Report recommends denying Defendant Duchak's Motion to Dismiss (ECF No. 7) as to one of Plaintiff's claims for relief, to wit, his claim against the Sheriff in his official capacity that his policy of failing to provide a free telephone call to persons upon incarceration violates the Equal Protection Clause (Report, ECF No. 41, PageID 636). Judge Rice has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 46).

Plaintiff Marcum filed Objections (ECF No. 50) to those portions of the Report that recommended granting the Motion to Dismiss, but the Magistrate Judge struck those Objections because they were untimely filed (ECF No. 53). However, to the extent the Objections document responds to Defendant Duchak's Objections, they were timely filed and will be considered on recommittal. *Id.*

Sheriff Duchak correctly argues that the standard for review of a Magistrate Judge's recommended conclusions of law is whether the recommendations are "contrary to law" (ECF No. 45, PageID 662). See Fed. R. Civ. P. 72(b).

The Magistrate Judge read Marcum's Complaint as alleging that an arrested person is entitled upon booking into a county jail to a free telephone call to a bail bondsman or an attorney by Ohio Revised Code §§ 2935.20 and 2935.14, the Ohio Constitution, and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. (Report, ECF No. 41, PageID 634-35.) The Report concluded that the Ohio statutory claim did not of itself rise to the level of a constitutional violation, but that the Complaint did adequately state a claim for violation of the Equal Protection Clause. *Id.* a PageID 636. The Sheriff's policy, as least as pleaded and not contradicted by the Objections, is that inmates are not charged by the Jail for access to a telephone. However, the telephone service provider to the Jail does charge on an individual call basis. Therefore a jail prisoner must, as Marcum alleges, pay for the call either by charging it to a credit or debit card or a phone card purchased from the Jail Commissary, which can only be done at certain times. Thus an indigent person who does not have access to a credit or debit card and has no money to buy a phone card at the Commissary cannot call a bondsman or an attorney.

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The Supreme Court has stated that this language "embodies the general rule that States must treat like cases alike but may treat unlike cases accordingly." *Vacco v. Quill*, 521 U.S. 793, 799 (1997). The States cannot make distinctions which either burden a fundamental right, target a suspect class, or intentionally treat a person differently from others similarly situated without any rational basis for the difference. *Id.; Village of Willowbrook v. Olech*, 528 U.S. 562, 564

(2000) (per curiam); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). When the disparate treatment burdens a fundamental right, strict scrutiny applies. *Miller v. City of Cincinnati*, 622 F.3d 524, 538 (6th Cir. 2010).

The Equal Protection Clause applies to administrative as well as legislative acts. *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 597 (2008), citing *Raymond v. Chicago Union Traction Co.*, 207 U.S. 20 (1907). The fundamental rights which are protected from being burdened by state action are those rights incorporated into the Fourteenth Amendment from the Bill of Rights. The Eighth Amendment right to reasonable bail and the Sixth Amendment right to counsel are two of such rights. *McDonald v. Chicago*, 561 U.S. 742 (2010).

Regarding bail, Sheriff Duchak correctly notes that the Constitution does not guarantee an absolute right to be released on bail. (Objections, ECF No. 45, PageID 664, citing *United States v. Salerno*, 481 U.S. 739 (1987).) He also concedes that bail is set at an amount higher than reasonably necessary to assure the defendant's appearance is excessive and violates the Eighth Amendment. *Id.* citing *Stack v. Boyle*, 342 U.S. 1 (1951).[1] From these premises, the Sheriff concludes, "Plaintiff enjoys no constitutionally protected right to access to a bail bondsman." *Id.* at PageID 664-665. However, the Sheriff's policy of requiring that an inmate be able to pay or obtain payment for an initial call to a bail bondsman arguably burdens his fundamental right to reasonable bail. Alternatively, if use of a telephone is required to contact a bail bondsman, the practice of providing a telephone only to those who can afford to make a call discriminates against the indigent in arguably the same way that refusal to provide a trial transcript to the indigent when one is needed for appeal discriminates unconstitutionally against the indigent. Sheriff Duchak attempted to distinguish *Griffin v. Illinois*, 351 U.S. 12 (1956) on

---

[1] Note that *Salerno* confirmed the constitutionality of the federal Bail Reform Act of 1984 which allowed a federal court to detain a person without bond if found necessary to assure the person's attendance and/or the safety of the community.

3

the grounds that the Supreme Court permitted Illinois to satisfy the transcript function in some other way. Defendant Duchak has not suggested any alternative means of satisfying an indigent inmate's need to contact a bondsman.

Regarding the right to counsel, Sheriff Duchak again suggests Marcum suffered no harm from being unable to use a free phone call to contact an attorney because the Public Defender appeared with him at initial appearance/arraignment. We know from other filings that the Public Defender will not accept incoming calls from the Jail, so Marcum could not have contacted the public defender from jail. Without the facility of a free phone call, he could also not contact any other attorney of his choice. Restricting a person's ability to consult with counsel upon arrest to his ability to talk with an assigned attorney at what is likely to be, in this Magistrate Judge's experience, a very crowded municipal court initial appearance docket places a burden on that Sixth Amendment right.

The Sheriff relies on *Aswegan v. Henry*, 981 F.2d 313 (8th Cir. 1992). Plaintiffs there obtained a preliminary injunction to allow unlimited telephone access to counsel, but Marcum does not seek anything that broad.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends Sheriff Duchak's Motion to Dismiss be denied as to Plaintiff's equal protection claim regarding a free telephone call upon arrest.

April 9, 2018.

> s/ *Michael R. Merz*
> United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).