# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STATE OF OHIO
 EX REL TED MARCUM,

              Petitioner,      :      Case No. 3:17-cv-437

   - vs -                             District Judge Walter H. Rice
                                                Magistrate Judge Michael R. Merz

SHERIFF DAVE DUCHAK,
                                               :

              Respondent.

## DECISION AND ORDER; REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This case is before the Court on a four-part filing by Plaintiff on April 13, 2018 (ECF No. 58). The parts of that filing will be dealt with *seriatim*.

**I. Change of address** – Plaintiffs' current address of 185 Dye Mill Road in Troy, Ohio, has been entered on the docket by the Clerk.

**II. Motion for Sixty-Day Extension of time** (after relief from judgment is granted) to further brief habeas corpus issues. Because the Magistrate Judge recommends denying relief from judgment, this request is moot.

**III. Motion for emergency telephone conference** before any ruling or recommendation on this motion – because Plaintiff has not shown any need for an emergency telephone conference, the request is denied.

1

**IV. Motion for Relief from Judgment**

    **Regarding Untimely Objections**

On March 20, 2018, the Magistrate Judge struck Plaintiff's Objections (ECF No. 50) to the Report and Recommendations on Motions to Dismiss (the "Report," ECF No. 41). Plaintiff acknowledges that he had only seventeen days from the date the Report was served on him to file his Objections by depositing them in the institutional mail. However, he claims that service means actual receipt. That is not the law. Under Fed. R. Civ. P. 5(b)(2)(C), service is complete upon mailing, not upon receipt. Because Marcum's Objections were not deposited in the outgoing prison mail system until nineteen days after service, they were properly stricken.

In any event, Marcum's objections to the Order Striking Objections in Part are themselves untimely. That Order was filed and served on March 20, 2018, and Marcum's objection to the striking was not filed until April 13, 2018, twenty-four days after the Order was served. Under Fed. R. Civ. P. 72(b), objections to a Magistrate Judge's nondispositive order must be filed not later than seventeen days after the order is filed.[1]

    **Regarding Habeas Corpus**

Mr. Marcum seeks to have the habeas corpus portion of his case reopened for various reasons.

Very early in the case on January 11, 2018, the Magistrate Judge recommended dismissing the habeas corpus portion of the case without prejudice because a federal district court cannot grant

---

[1] Mr. Marcum is no longer incarcerated and filed the instant matter in person at the Clerk's Office.

habeas relief in a case brought under 42 U.S.C. § 1983 (Report, ECF No. 16, PageID 337, citing *Preiser v. Rodriquez*, 411 U.S. 475 (1973). Noting that Marcum had not exhausted state court remedies for the claims he was making, the Magistrate Judge recommended he exhaust and then file a separate habeas action in this Court. *Id.* at PageID 338.

Marcum objected (ECF No. 26), Judge Rice recommitted the matter (ECF No. 27), and the Magistrate Judge offered an alternative: file a federal habeas petition which the Court will hold in abeyance until exhaustion is complete (Report, ECF No. 28, PageID 398). The Clerk was directed to furnish Marcum the proper forms. *Id.* Marcum again objected (ECF No. 34) and Judge Rice again recommitted the matter (ECF No. 36). On February 20, 2018, the Magistrate Judge recommended dismissal without prejudice but promised to withdraw that recommendation if Marcum would file an amended habeas petition, as he had promised to do (ECF No. 38). On March 14, 2018, when Marcum had filed neither objections nor an amended petition, Judge Rice dismissed the habeas corpus claims (ECF No. 48).

Marcum now moves to have that judgment reopened.

Marcum first claims he did not receive Judge Rice's Order dismissing the habeas claims (ECF No. 58, PageID 727-28). He claims he only learned of it when he called the Clerk's Office on April 3, 2018, after being released from jail. However, the docketing deputy clerk noted on the docket that the dismissal order had been mailed by regular mail to Marcum and that mail has not been returned. The Magistrate Judge agrees with Marcum that his request for relief from that judgment or to amend it is timely under Fed. R. Civ. P. 59(e) because filed within thirty days of the order.

However, the motion is without merit.

Marcum first asserts that this Court has jurisdiction over his state habeas claims because the case was removed from state court to federal court. Removal, however, does not create subject matter jurisdiction, but only invokes federal subject matter jurisdiction that already exists. District

courts do not have any jurisdiction over state habeas corpus claims, but only over claims that a person is confined in violation of the United States Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Judge Wolff rejected Marcum's state habeas claims upon finding that all the legal errors of which Marcum complained could be cured or at least heard on direct appeal from his conviction to the Second District Court of Appeals. According to the online docket of the Maimi County Clerk of Courts, Marcum did file an appeal (despite his claim that he was unable to do so), but then voluntarily dismissed the appeal without awaiting a decision. (*State v. Marcum*, Case No. 17 CA 00024, http://commonpleas.miamicountyohio.gov. Visited April 13, 2018.) Thus it appears as of April 13, 2018, that Marcum has now exhausted available state court remedies. However, because his claims would now be barred by his procedural default in not completing the state court process, there is no good cause to reopen the habeas corpus judgment.

Since Marcum is now out of jail and not encumbered by the Miami County Jail policies of which he complains, he has the option of filing, on the forms that already have been furnished to him, all his federal constitutional claims in a new federal habeas corpus case. Because the dismissal was without prejudice, Marcum's claims about a certificate of appealability are moot.

April 13, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

4

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).