# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STATE OF OHIO,
 EX REL TED MARCUM,

                Petitioner,       :      Case No. 3:17-cv-437

    - vs -                              District Judge Walter H. Rice
                                            Magistrate Judge Michael R. Merz

SHERIFF DAVE DUCHAK, et al.,

                                     :

              Respondents.

## SUBSTITUTED REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Sheriff Duchak's Objections (ECF No. 61) to the Magistrate Judge's Fifth Supplemental Report and Recommendations (ECF No. 56) recommending that Sheriff Duchak's Motion to Dismiss be denied as to Plaintiff's equal protection claim regarding a free telephone call upon arrest. Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 62). The Magistrate Judge had previously reached the same conclusion in the Report and Recommendations on Motions to Dismiss (ECF No. 41).

Sheriff Duchak objects that the Magistrate Judge's conclusion on this one remaining claim is contrary to law (ECF No. 61, PageID 738). The standard for review of such objections is *de novo*. Fed. R. Civ. P. 72(b)(3). Review of the Objections persuades the Magistrate Judge that he has misconstrued the pleadings. Accordingly, as to this particular equal protection claim, those two Reports are WITHDRAWN.

The Magistrate Judge began his analysis of the Motions to Dismiss by outlining the claims made in the Complaint, writing as to the free telephone call claim:

> Beginning at page twenty-four (PageID 189), Marcum seeks mandamus relief to require the Sheriff to provide inmates with a "free" phone call to contact an attorney or a bondsman. At page fifty he alleges that the agreement between the Miami County Sheriff's Office and the Miami County Public Defender which "prohibits all inmates from 'calling' the Public Defender's Office unless the Public Defendant [sic] requests for such inmate to call the office" is part of an illegal conspiracy (PageID 215). He references the Inmate Handbook to show the existence of this policy.

(ECF No. 41, PageID 624.)

> Regarding the telephone policy, the Magistrate Judge has already concluded that the policy of allowing calls to the Public Defender only when requested by that Office is not unconstitutional.
>
> With respect to an initial telephone call upon arrest, Marcum claims he was entitled to one such call for free and avers that the Miami County Jail does not provide for such a call, despite Ohio Revised Code § 2935.20 and 2935.14 (Complaint, ECF No. 2, PageID 190). Instead he says inmates must purchase a phone card which can only be done at certain times or bill the call to the credit or debit card of some other person. *Id*. Marcum avers that he attempted to call "both a bondsman, as well as an attorney, but none of them 'accepted' to pay for the call." *Id*. at PageID 192. Emphasizing how he believes the Miami County Jail practice violates the two Ohio statutes cited, he also claims it violates the Ohio Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *Id*. at PageID 196.
>
> Seeking dismissal of this claim, Sheriff Duchak asserts the Miami County Jail "provides all inmates with access to a phone free of charge." (Motion, ECF No. 7, PageID 286.) Earlier he asserted that Marcum has admitted in his Complaint that inmates are permitted free access to a telephone, but the call recipient must pay for the call. *Id*., citing Complaint at PageID 50 and 62.
>
> It appears from the pleadings that nothing being done by the Sheriff prevents an inmate from placing and completing a telephone call without incurring any cost. Rather it appears from what is pleaded that the telephone company providing phone service at the Jail charges on a per call basis, rather than providing unlimited service

> outgoing call service on a per line basis. Thus the charges appear to be parallel to what is customary with contemporary cellphone service as opposed to land line service where outgoing calls are billed on a monthly rather than per call basis. **The Sheriff himself is not charging for access to the phone, but the telephone company is charging on a per call basis.**

*Id.* at PageID 634-35 (emphasis added).

The Sheriff's most recent Objections make clear to the Magistrate Judge his mistake. The Magistrate Judge had read the pleadings as alleging that, while the Sheriff did not charge the inmate for a call, the telephone company did. If the inmate did not have some way of paying the telephone company (e.g. by a prepaid phone card), he could not make the call. Instead, the telephone company charges the person receiving the call rather than the inmate (ECF No. 61, PageID 740). This is consistent with Plaintiff admission that he has in fact placed telephone calls without being charged and that he could not find anyone willing to accept his calls and pay for them.

This set of facts defeats Plaintiffs' claim. The Constitution of the United States does not guarantee to a jail inmate that his call to an attorney or a bail bondsman will be successfully completed. Not only is that process not in control of the Sheriff, it is not within the control of any other state actor who is subject to suit under 42 U.S.C. § 1983. Bail bondsmen are private citizens. While the public defender is a public employee, the Supreme Court has held a public defender is not a state actor for § 1983 purposes. *Polk County v. Dodson* 454 U.S. 312, 320-25 (1981).

Based on this set of facts as they now appear from the pleadings, Sheriff Duchak's Motion to Dismiss is well taken in its entirety. This one remaining equal protection claim should be dismissed.

Because this is the last remaining claim, if the Court adopts this recommendation, it should also enter judgment dismissing the Complaint with prejudice.

May 8, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).