**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

STATE OF OHIO,
  EX REL TED MARCUM,

                Petitioner,        :        Case No. 3:17-cv-437

    - vs -                          District Judge Walter H. Rice
                                                 Magistrate Judge Michael R. Merz

SHERIFF DAVE DUCHAK, et al.,

                                    :

                Respondents.

## SUPPLEMENT TO SUBSTITUTED REPORT AND RECOMMENDATIONS

       This case is before the Court on Plaintiff's Objections (ECF No. 67) to the Magistrate Judge's Substituted Report and Recommendations (ECF No. 64) which recommended granting Sheriff Duchak's Motion to Dismiss Plaintiff's sole remaining claim. Judge Rice has recommitted the case for reconsideration in light of the most recent Objections (ECF No. 68).

       The Substituted Report recommended dismissal because the facts alleged by Plaintiff, as the Magistrate Judge understood them, did not plead a claim under the Equal Protection Clause. In his Objections, Plaintiff recites without proof many additional facts which at least color and may change the analysis, e.g., (1) that there was an attorney of Marcum's choice who would have accepted representation if only Marcum could have reached him, (2) there was a friend who would have posted bail or contacted a bondsman who would have posted bond if Marcum could have reached him, and (3) there is a telephone in the booking area at the Miami County Jail which could have been used to place the type of telephone call Marcum believes is legally guaranteed, but

1

Sheriff Duchak's policy does not permit such use.  None of these facts is presently pleaded, much less proved, but Plaintiff could move to add them to his Complaint and unless persuaded they are legally irrelevant, the Court would be obliged to allow the amendment.

One fact that stands out and has not yet been addressed in motion practice is that Marcum has been released from custody, having completed his sentence.  As the Magistrate Judge has read the Complaint, Marcum seeks mandamus relief against the Sheriff regarding the telephone policy and practice.  (See ECF No. 64, PageID 748). § 1983 claims relating to conditions of confinement are moot when raised by persons who have been released from confinement.  *Preiser v. Newkirk*, 422 U.S. 395 (1975); *Abdur-Rahman v. Michigan Dept of Corrections*, 59 F.3d 170 (6th Cir. 1995), *citing Secretary of Labor v. Burger King Corp.*, 955 F.2d 681, 685 (11th Cir. 1992); *Cooper v. Sheriff, Lubbock County*, 929 F.2d 1078, 1084 (5th Cir. 1991)(per curiam).

The Magistrate Judge accordingly recommends that Marcum's remaining claim for mandamus relief be dismissed as moot.


May 23, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or

such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).