IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TED MARCUM, :
    Plaintiff, :
    v. : Case No. 3:17-cv-437
SHERIFF DAVE DUCHAK, *et al.*, : JUDGE WALTER H. RICE
    Defendants. :

---

DECISION AND ENTRY TERMINATING AS MOOT PORTIONS OF UNITED STATES MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS ON REQUEST FOR HABEAS CORPUS RELIEF (DOCS. ##16, 25, 28, 39); ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ON REQUEST FOR WRIT OF MANDAMUS (DOC. #69) AND OVERRULING REQUEST FOR WRIT OF MANDAMUS; ADOPTING REPORT AND RECOMMENDATIONS ON REQUEST FOR TEMPORARY PROTECTION ORDER (DOC. #18) AND OVERRULING MOTION FOR TEMPORARY PROTECTION ORDER (DOC. #3); REJECTING UNITED STATES MAGISTRATE JUDGE'S SUBSTITUTED REPORT AND RECOMMENDATIONS (DOC. #64); SUSTAINING PLAINTIFF'S OBJECTIONS THERETO (DOCS. #67); ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S SUPPLEMENT TO SUBSTITUTED REPORT AND RECOMMENDATIONS (DOC. #69); OVERRULING THE REMAINDER OF DEFENDANT SHERIFF DAVE DUCHAK'S MOTION TO DISMISS (DOC. #7)

---

After pleading "no contest" to a charge of attempted Breaking and Entering, a fifth-degree felony under Ohio law, and being sentenced to 180 days in jail, *pro se* plaintiff, Ted Marcum, filed a Complaint for Civil Rights Violations Pursuant to 42 U.S.C. § 1983, and for Declaratory Judgment, Injunctive Relief, and Writs of

Habeas Corpus and Mandamus. Doc. #2. He also filed a Motion for Appointment of Counsel, Motion for Class Certification, and Motion for a Temporary Protection Order. Doc. #3. Defendants included numerous Miami County, Ohio, officials.

The Court has dismissed all claims against Defendants Stacy Wall, Rob Davie, Judge Elizabeth Gutman, and Steve Layman. It has also dismissed all claims brought against Miami County Sheriff Dave Duchak except for Plaintiff's 42 U.S.C. § 1983 claim alleging violations of Marcum's Equal Protection rights, brought against Sheriff Duchak in his official capacity. This matter is currently before the Court on Objections to numerous Reports and Recommendations related to that one remaining claim.

In addition, there are some outstanding Reports and Recommendations and a few Objections related to Plaintiff's petition for a writ of habeas corpus, his request for a writ of mandamus, and his request for appointment of counsel and motion for a temporary protection order. The Court turns first to these.

I. **Plaintiff's Request for Habeas Corpus Relief**

On March 14, 2018, the Court dismissed without prejudice Plaintiff's Petition for a Writ of Habeas Corpus. Doc. #48.[1] Accordingly, the Clerk is

---

[1] Plaintiff later filed a Motion for Relief from Judgment, Doc. #58, but Magistrate Judge Merz recommended that the motion be overruled, Doc. #59. When Plaintiff failed to file timely Objections, the Court adopted the Report and Recommendations, Doc. #63. Plaintiff later attempted to voluntarily withdraw his Motion for Relief from Judgment. See Doc. #65, PageID#761. However, as

2

DIRECTED to TERMINATE AS MOOT earlier Reports and Recommendations related to Plaintiff's Petition for a Writ of Habeas Corpus, Docs. ##16, 25, 28, 39.

## II. Plaintiff's Request for Mandamus Relief

In his Complaint, Plaintiff also requested mandamus relief against Sheriff Duchak regarding telephone policies at the Miami County Jail. In his Supplement to Substituted Report and Recommendations, Magistrate Judge Merz recommended that the request for mandamus relief be dismissed as moot, given that Plaintiff, having served his sentence, is no longer in custody. Doc. #69.

Although Plaintiff was notified of his right to file Objections to this judicial filing, and of the consequences of failing to do so, no Objections were filed within the time allotted. For the reasons explained by Magistrate Judge Merz, the Court ADOPTS that portion of said judicial filing, Doc. #69, and DISMISSES AS MOOT Plaintiff's request for mandamus relief.

## III. Plaintiff's Motion for Appointment of Counsel, Class Certification and Temporary Protection Order

On January 11, 2018, Magistrate Judge Merz issued a Report and Recommendations, Doc. #18, recommending that the Court overrule Plaintiff's Request for a Temporary Protection Order, Doc. #3, for lack of jurisdiction. Again, although Plaintiff was notified of his right to file Objections to the Report and

---

Magistrate Judge Merz noted, a party may not withdraw a motion after it has been ruled upon. Doc. #66.

3

Recommendations, and of the consequences of failing to do so, no Objections were filed. Based on the reasoning set forth in the Report and Recommendations, the Court ADOPTS said judicial filing, Doc. #18, and OVERRULES Plaintiff's Request for a Temporary Protection Order, Doc. #3.

On January 11, 2018, Magistrate Judge Merz also issued an Order denying Plaintiff's request for appointment of counsel, and finding the motion for class certification, Doc. #3, to be moot. Doc. #19. After Plaintiff filed Objections, Doc. #21, Magistrate Judge Merz issued a Supplemental Opinion, Doc. #25. Although Plaintiff was notified of his right to file Objections to that Supplemental Opinion, no Objections were filed. Accordingly, these issues were fully resolved by the Supplemental Opinion and no further discussion of them is needed.

## IV.     Defendant Dave Duchak's Motion to Dismiss (Doc. #7)

### A.     Procedural History

Defendants Sheriff Dave Duchak, Judge Elizabeth Gutmann and Rob Davie filed a combined Motion to Dismiss, Doc. #7. After that motion was fully briefed, Magistrate Judge Merz recommended that the Court sustain the motion except for Plaintiff's 42 U.S.C. § 1983 claim brought against Sheriff Duchak in his official capacity, wherein Plaintiff alleged that the Miami County Jail's policy of refusing to allow indigent pretrial detainees to make a free telephone call violates his rights under the Equal Protection Clause. Doc. #41.

As to this one remaining claim, Magistrate Judge Merz found that said phone policy could burden Plaintiff's fundamental rights to be released on reasonable bail and to obtain counsel of his choice. In the alternative, said policy could state an Equal Protection claim on a theory of discrimination against the indigent, akin to *Griffin v. Illinois*, 351 U.S. 12 (1956).

In *Griffin*, the Supreme Court held that failure to provide indigent defendants with a transcript necessary for an appeal violated their rights to Due Process and Equal Protection of the law. The Court noted that, "[i]n criminal trials a State can no more discriminate on account of poverty than on account of religion, race, or color." *Id.* at 17. Denying a transcript to a defendant unable to pay for it "is a misfit in a country dedicated to affording equal justice to all and special privileges to none in the administration of criminal law." *Id.* at 19. "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has." *Id.*

Sheriff Duchak filed Objections to this portion of the Report and Recommendations, Doc. #45. He argued that the Miami County Jail has no policy of charging inmates for phone calls. It is possible for an inmate to place and complete a phone call without incurring any cost, assuming that the call recipient agrees to accept what is charged by the telephone company. Citing *Aswegan v. Henry*, 981 F.2d 313 (8th Cir. 1992), Sheriff Duchak also argues that Plaintiff has no constitutional right to any "particular means of access" to the courts. He suggests that, instead of contacting an attorney or bail bondsman by phone, an

5

inmate could send a letter. Sheriff Duchak further argues that Plaintiff can show no prejudice and no injury. Plaintiff waived his right to counsel before pleading "no contest" to a charge of attempted breaking and entering. The undersigned recommitted the matter to Magistrate Judge Merz. Doc. #46.

Plaintiff filed no Objections to the Report and Recommendations, Doc. #41. Accordingly, on March 19, 2018, the Court adopted the Report and Recommendations, and dismissed all claims against Defendants Gutmann and Davie. It also dismissed all claims against Sheriff Duchak except for the Equal Protection claim, brought against Duchak in his official capacity, regarding the Jail's telephone policy. With respect to this claim, the Court noted that Sheriff Duchak had filed Objections, which were still pending before Magistrate Judge Merz on recommittal. Doc. #49. Plaintiff filed a timely response to Sheriff Duchak's Objections, Doc. #50.[2]

Thereafter, Magistrate Judge Merz filed a Fifth Supplemental Report and Recommendations, Doc. #56. He again found that the Sheriff's telephone policy arguably burdens the inmate's fundamental rights to reasonable bail and to counsel of choice, and may impermissibly discriminate against the indigent. Accordingly, he again recommended that the Court overrule the Motion to Dismiss with respect to Plaintiff's Equal Protection Clause claim related to the ability to make a free telephone call upon arrest.

---

[2] In the same document, Plaintiff objected to portions of the Report and Recommendations on the Motions to Dismiss, Doc. #41. These Objections, however, were stricken as untimely. Doc. #53.

Sheriff Duchak again filed Objections, Doc. #61, arguing that Magistrate Judge Merz's conclusion was contrary to law. He again points out that the Miami County Jail does not charge pretrial detainees for phone calls to bail bondsmen or attorneys; the charges are instead imposed by the telephone company on the recipient of the call. He again suggests that a pretrial detainee has the option of contacting a bail bondman or an attorney by mail. Moreover, because a pretrial detainee has no constitutional right of access to a bail bondsman, no such right can be burdened by any jail policy. Sheriff Duchak again argues that Plaintiff can show no injury or prejudice.

After the Court recommitted the matter to Magistrate Judge Merz, Doc. #62, he issued a Substituted Report and Recommendations, Doc. #64. Having been persuaded that he had misconstrued the pleadings with respect to the Equal Protection claim, he withdrew the Report and Recommendations, Doc. #41, and the Fifth Supplemental Report and Recommendations, Doc. #56.[3]

In Magistrate Judge Merz's view, Sheriff Duchak had clarified that the inmates did not need a prepaid phone card to make a phone call. Successful completion of the call was dependent only on the call recipient's willingness to accept the charges. Magistrate Judge Merz found that:

> This set of facts defeats Plaintiff's claim. The Constitution of the United States does not guarantee to a jail inmate that his call to an attorney or a bail bondsman will be successfully completed. Not only

---

[3] Given that Magistrate Judge Merz has withdrawn Documents 41 and 56, there is no need for the Court to rule on Sheriff Duchak's Objections thereto, Docs. ##45, 61.

> is that process not in control of the Sheriff, it is not within the control of any other state actor who is subject to suit under 42 U.S.C. § 1983.

Doc. #64, PageID#749. Magistrate Judge Merz therefore concluded that Plaintiff had failed to state a claim upon which relief can be granted. He recommended that the Court dismiss this one remaining claim, and enter judgment dismissing the Complaint with prejudice.

Plaintiff has filed Objections to the Substituted Report and Recommendations, Doc. #67. He concedes that successful completion of phone calls is beyond the Sheriff's control. He argues, however, that Magistrate Judge Merz's analysis misses the mark. According to Plaintiff, the Sheriff's Office has an official policy that prohibits pretrial detainees from making a free, direct phone call to an attorney, a bail bondsman, or a friend or family member. The pretrial detainee must find someone willing to accept the charges imposed by the telephone company. In the alternative, the pretrial detainee may use a prepaid phone card purchased from the commissary.

Plaintiff argues that application of this policy has an adverse impact on indigent pretrial detainees because attorneys and bail bondsmen very seldom accept collect calls from the jail. Accordingly, while pretrial detainees who have money to purchase a prepaid phone card can use that card to contact attorneys or bail bondsmen, indigent detainees are simply out of luck. Sending a letter to an attorney or bail bondman is not a viable alternative, given the time delay involved.

A letter would not be received until after the detainee has made his first court appearance.

Plaintiff maintains that Magistrate Judge Merz got it right the *first* time when he held that the Sheriff's policy may burden Plaintiff's Sixth Amendment right to counsel and his Eighth Amendment right to reasonable bail, and may violate the Equal Protection Clause on a theory of discrimination against the indigent, akin to *Griffin v. Illinois*, 351 U.S. 12 (1956). Doc. #41, PageID#636. Citing *Turner v. Safely*, 482 U.S. 78, 89 (1987), Plaintiff further argues that the jail policy, which allegedly burdens the constitutional rights of pretrial detainees, is not "reasonably related to legitimate penological interests."

Sheriff Duchak did not file any response to Plaintiff's Objections. After the undersigned again recommitted the matter, Doc. #68, Magistrate Judge Merz issued a Supplement to Substituted Report and Recommendations, Doc. #69. He noted that Plaintiff had recited, without proof, several additional facts that could change the analysis. For example, Plaintiff alleged that, if he had been able to make a free, direct phone call, a certain attorney would have accepted representation, and a friend would have posted bail or contacted a bondsman. Plaintiff also alleged for the first time that there is a telephone in the booking area of the jail that the Sheriff could allow pretrial detainees to use to make free, direct calls. Magistrate Judge Merz noted that these facts were not pleaded in the Complaint. However, if Plaintiff sought leave to amend his Complaint to assert these additional facts, leave would likely be granted.

9

Plaintiff sought an extension of time to file Objections to the Supplement to the Substituted Report and Recommendations, and to file a motion for leave to file an Amended Complaint. Doc. #70. The Court granted a short extension, giving Plaintiff until June 13, 2018, to file Objections to the Supplement. Doc. #71. Plaintiff, however, has failed to file any Objections within the time allotted, and has not sought leave to file an Amended Complaint.

**B. Analysis**

As an initial matter, the Court notes that Plaintiff has already served his 180-day sentence and been released from jail. Accordingly, with respect to the one remaining claim, alleging that the telephone policy of the Miami County Sheriff's Office violates Plaintiff's constitutional rights, Plaintiff's requests for mandamus relief, injunctive and declaratory relief are moot. Plaintiff's release from jail, however, has no impact on his request for money damages stemming from this alleged constitutional violation.

In his Substituted Report and Recommendations, Magistrate Judge Merz recommended that the Court dismiss this one remaining claim because the Constitution does not guarantee the successful completion of a telephone call to an attorney or bail bondsman, and because the successful completion of any such call is outside the Sheriff's control. Doc. #64.

Plaintiff has filed timely Objections to that judicial filing. Doc. #67. Pursuant to Federal Rule of Civil Procedure 72(b)(3), the undersigned must review

*de novo* those portions of the Report and Recommendations to which proper Objections have been filed.

Plaintiff maintains that the Substituted Report and Recommendations is legally erroneous and that Magistrate Judge Merz has misconstrued his pleadings. Doc. #67. At issue is the Miami County Jail's failure to provide pretrial detainees with the means to make a free, direct telephone call. Although the jail does not charge the detainees for access to the jail telephones, the calls are not free. The telephone company charges *someone* for each call. Accordingly, either the inmate must use a prepaid phone card purchased at the commissary or must find someone willing to accept the charges for the phone call.

Plaintiff alleges that this policy burdens the constitutional rights of indigent detainees like him, who have no money to purchase a prepaid phone card from the commissary, and have no friends or relatives willing to accept a collect call from him. Plaintiff knows of no attorneys or bail bondsmen willing to accept collect calls from inmates at the jail. He notes that his own attempts to contact an attorney and a bail bondman by telephone were unsuccessful.

In the Court's view, Magistrate Judge Merz's initial instinct, as articulated in the February 23, 2018, Report and Recommendations, Doc. #41, and the Fifth Supplemental Report and Recommendations, Doc. #56, was correct. Plaintiff's allegations do give rise to a plausible Equal Protection Clause claim. Magistrate Judge Merz, however, later withdrew these filings, and issued a Substituted Report and Recommendations, Doc. #64, in which he changed his mind. For the reasons

11

set forth below, the Court sustains Plaintiff's Objections to the Substituted Report and Recommendations, Doc. #67, rejects the Substituted Report and Recommendations, Doc. #64, and overrules the remainder of Sheriff Duchak's Motion to Dismiss, Doc. #7.

The question at issue is whether the allegations in Plaintiff's Complaint are sufficient to state a plausible claim under 42 U.S.C. § 1983 against Sheriff Duchak, in his official capacity, for a violation of the Equal Protection Clause of the Fourteenth Amendment. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that, under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face.").

In order to succeed on this § 1983 claim, Plaintiff must prove that a state actor violated his constitutional rights, and that a custom or policy of the Sheriff's Office was the moving force behind the alleged violation.[4] It appears to be undisputed that Plaintiff has adequately alleged state action, and has adequately alleged that Sheriff Duchak is the authorized official who established telephone policies for the Miami County Jail. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action

---

[4] A claim asserted against a government official in his official capacity is the equivalent of a claim against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). A governmental entity cannot be held liable under § 1983 on a *respondeat superior* basis; rather, a custom or policy of the governmental entity must be the moving force behind the constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

ordered."). Here, the only issue in serious dispute is whether Plaintiff's factual allegations give rise to a plausible Equal Protection Clause violation.

The Equal Protection Clause commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. IV, § 1. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011).

True, the policy at issue is not facially discriminatory. No pretrial detainees at the Miami County Jail, rich or poor, are permitted to make free, direct phone calls during the booking process. All calls are subject to charges by the telephone company. Plaintiff maintains that, although the jail's telephone policy is not facially discriminatory, it has a discriminatory effect on indigent pretrial detainees and burdens their fundamental constitutional rights. More specifically, he alleges that the policy impermissibly burdens his Sixth Amendment right to counsel of his choice,[5] and his Eighth Amendment right to reasonable bail.

In his Complaint, Plaintiff alleges that an arrestee taken to the Miami County Jail cannot make a phone call unless the charges are billed either to a credit card or

---

[5] "[T]he Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624–625 (1989).

13

a debit card. Each call costs $15.00. Doc. #2, PageID#190. The detainee must either purchase a phone card at the commissary or find a recipient willing to accept the telephone charges. Plaintiff alleges that he had no money to purchase a phone card and, even if he did, he would not be able to obtain one from the commissary for at least five days after his arrival at the jail. *Id.* at PageID##190-91, 204.

Accordingly, if Plaintiff wanted to contact an attorney or a bail bondsman by telephone, he had to find someone willing to accept the charge to their credit or debit card. He alleges that he attempted to contact a bail bondman and an attorney, but no one would agree to accept the charges. Likewise, because Plaintiff has no friends or family members who would agree to accept charges to their credit or debit cards, he was unable to contact them to ask them to call an attorney or bail bondsman on his behalf. He was also unable to ask them to deposit money into his commissary account. *Id.* at PageID## 169, 189, 192. Plaintiff has alleged that application of the jail's policy prevented him from obtaining counsel of choice. *Id.* at PageID##196, 205-06.

In *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989), the Supreme Court held that "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." The fact that the Miami County Jail's telephone policy is not facially discriminatory is not dispositive. If its operation or application has a discriminatory impact on the indigent and burdens their fundamental constitutional rights, it may violate the Equal Protection Clause.

14

For example, in *Griffin v. Illinois*, the Supreme Court held that the State's failure to provide indigent defendants with a trial transcript so that they could file a direct appeal violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Denying a transcript to those unable to pay "is a misfit in a country dedicated to affording equal justice to all and special privileges to none in the administration of criminal law. There can be no equal justice where the kind of trial a man gets depends on the amount of money he has." 351 U.S. at 19. Likewise, in *Douglas v. California*, 372 U.S. 353 (1963), the Court held that an indigent defendant has a right to counsel on direct appeal. In denying the indigent the right to an appellate attorney, an "unconstitutional line has been drawn between rich and poor." *Id.* at 357.

Likewise, in this case, Plaintiff has stated a plausible claim that the Miami County Jail's telephone policy draws an unconstitutional line between rich and poor. The right to counsel of choice and the right to be released on bail should not depend on whether a pretrial detainee has money to make a phone call, or has connections with others willing to accept a collect call.

The case of *Lynch v. Leis*, No. 1:00-cv-274, 2002 WL 33001391 (S.D. Ohio Feb. 19, 2002), concerning the telephone policy at the Hamilton County Jail, is instructive. After inmates there were arraigned, they could make only collect telephone calls. However, it was the policy of the Hamilton County Public Defender's Office to not accept collect calls. Inmates were instructed by the jail to either write a letter to their attorney, or have their family and friends contact the

attorney on their behalf. In order to speak to the appointed attorney by telephone an inmate had to ask a Social Services Specialist to make special arrangements, and this was to be done only in case of emergency.

The district court granted permanent injunctive relief to the two plaintiffs, after finding that the jail's phone policy violated their Sixth Amendment right to assistance of counsel. The court held that the jail's suggested alternatives for contacting appointed counsel imposed severe constraints on the inmate's ability to contact his attorney. The court further held that the institutional security interests asserted by the jail did not justify the restrictive telephone policy. *Id.* at **5-7. Accordingly, the court ordered the Sheriff's Office to permit pretrial detainees to make free phone calls to the Hamilton County Public Defender's Office. *Id.* at *8.[6] *See also Burke v. Wilcher*, No. CV417-098, 2017 WL 4452532, at *3 (S.D. Ga. July 12, 2017) (holding that jail policy mandating collect calls "smacks of a Sixth Amendment violation," because public defender's office did not accept collect calls).

*Lynch* is factually distinguishable in that it did not involve the right of pretrial detainees to make free phone calls during the booking process. In fact, the Hamilton County Jail allowed pretrial detainees to make an unlimited number of

---

[6] The district court later awarded attorney fees to Mike Powers, one of the two plaintiffs in *Lynch*. The Sheriff appealed. The Sixth Circuit reversed the award of attorney fees based on a finding that Powers never had standing to seek injunctive relief. *Lynch v. Leis*, 382 F.3d 642 (6th Cir. 2004). In bemoaning the outcome of the attorney fees issue, the Sixth Circuit referred to the district court's decision on the merits as an "important victory for all pretrial detainees at the Hamilton County Justice Center." *Id.* at 648.

16

free, local phone calls while waiting to be booked. 2002 WL 33001391, at *1. The Miami County Jail does not. Although the Miami County Jail gives the detainees access to telephones, that access is completely meaningless unless the detainee has money to purchase a prepaid phone card, can find an attorney or bail bondsman willing to accept the charges for a collect call, or has a friend or family member who is willing to accept the charges for a collect call and then contact an attorney or bail bondsman on behalf of the detainee.

As Magistrate Judge Merz has noted, and Plaintiff concedes, the Constitution does not guarantee the successful completion of telephone calls to attorneys or bail bondsmen, and successful completion of those calls is not within the Sheriff's control. This, however, is largely irrelevant. The policy at issue prohibits pretrial detainees from making free, direct phone calls during the booking process.

Application of this policy could be found to burden the fundamental rights of indigent pretrial detainees because it makes it nearly *impossible* for them to contact an attorney or a bail bondsman in a timely manner, immediately following their arrest and before their first court appearance. An arrestee's ability to contact an attorney or bail bondsman should not depend on the ability of the arrestee, or his friends or family members, to pay for a phone call.

In *Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992), the Eighth Circuit held that "[a]lthough prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access,

including unlimited telephone use." The policy at issue in that case prohibited inmates from making toll-free telephone calls. This posed a problem for two prisoners, whose attorney insisted that his clients use his toll-free number and refused to accept collect calls. The district court issued a preliminary injunction, but the Eighth Circuit vacated it based on a finding that the prisoners had not shown irreparable harm or prejudice. They had used other available methods of contacting the attorney and did not allege that the policy affected their ability to meet deadlines or file papers.

Sheriff Duchak relies on *Aswegan* for the proposition that pretrial detainees at the Miami County Jail need not be given free phone calls because they have other means of contacting an attorney or a bail bondsman, most notably by mail. As Plaintiff notes, however, mail is not a suitable alternative when time is of the essence, as it is for a person who has just been arrested. Ideally, the arrestee is able to retain counsel prior to his first court appearance. Moreover, unlike the prisoners in *Aswegan*, Plaintiff is not seeking "unlimited telephone use." He simply wants the ability to make one or two free, direct phone calls during the booking process so that he can obtain counsel of his choice and contact a bail bondsman.

In the Court's view, Plaintiff has stated a plausible claim that the Miami County Jail's policy of not providing pretrial detainees with the ability to make free, direct phone calls during the booking process impermissibly burdens his fundamental rights to counsel of his choice and to reasonable bail. He has also stated a plausible claim that the policy has a discriminatory effect on indigent

pretrial detainees. In addition, Plaintiff has sufficiently alleged that this policy, established by Sheriff Duchak, is the moving force behind the alleged constitutional violations.

Sheriff Duchak also argues that Plaintiff can prove no prejudice and no injury given that Plaintiff later waived his right to counsel and agreed to plead "no contest" to attempted breaking and entering. Plaintiff has alleged, however, that he would not have agreed to enter such a plea had he been able to contact counsel to represent him at the preliminary hearing. Doc. #2, PageID#205.[7] The Court must accept this allegation as true for purposes of the 12(b)(6) motion.

Whether Plaintiff can ultimately succeed on the merits of his claim remains to be seen. However, the Court finds that Plaintiff has stated a plausible claim that survives Sheriff Duchak's 12(b)(6) challenge. Accordingly, the Court OVERRULES the remainder of Sheriff Dave Duchak's Motion to Dismiss, Doc. #7.

---

[7] To the extent that Magistrate Judge Merz's Supplement to Substituted Report and Recommendations, Doc. #69, suggests that the viability of Plaintiff's claim hinges on certain facts that were not included in the Complaint, but were later asserted by Plaintiff, i.e., that there was an attorney who would have agreed to represent him, that a friend would have posted bail or contacted a bail bondsman on his behalf, and that there is a telephone in the booking area of the Miami County Jail that could be used to place free, direct calls, the Court disagrees. Although these additional facts would have been helpful, they are not essential to a finding of plausibility. Accordingly, the fact that Plaintiff did not move for leave to amend his Complaint to include these additional allegations is of little or no import.

## V. Conclusion

For the reasons stated above, the Court:

- TERMINATES AS MOOT those portions of Magistrate Judge Merz's Report and Recommendations related to Plaintiff's request for habeas corpus relief (Docs. ##16, 25, 28, 39);

- ADOPTS United States Magistrate Judge's Report and Recommendations on Request for Writ of Mandamus (Doc. #69) and OVERRULES Plaintiff's Request for Writ of Mandamus;

- ADOPTS United States Magistrate Judge's Report and Recommendations on Request for Temporary Protection Order (Doc. #18) and OVERRULES Plaintiff's Motion for Temporary Protection Order (Doc. #3);

- REJECTS United States Magistrate Judge's Substituted Report and Recommendations (Doc. #64 as supplemented in part by Doc. #69), SUSTAINS Plaintiff's Objections Thereto (Doc. #67), and OVERRULES the Remainder of Defendant Sheriff Dave Duchak's Motion to Dismiss (Doc. #7).

The Court will schedule a Preliminary Pretrial Conference with respect to Plaintiff's one remaining claim. Within seven (7) days of the date of this Decision and Entry, Plaintiff shall provide the Clerk of Court with a phone number where he can be reached for that conference call.

Date: August 31, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE