IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TED MARCUM,

    Plaintiff,

v.

SHERIFF DAVE DUCHAK,

    Defendant.

Case No. 3:17-cv-437

JUDGE WALTER H. RICE

---

DECISION AND ENTRY GIVING PLAINTIFF ONE FINAL
OPPORTUNITY TO AVOID THE CAPTIONED CAUSE BEING
DISMISSED FOR FAILURE TO PROSECUTE

---

On March 12, 2019, the Court sustained Plaintiff's Motion for Relief from Judgment, which the Court construed as a motion to modify the Preliminary Pretrial Order. It directed the parties to confer and file a Joint Rule 26(f) Report within 21 days. Doc. #86.

According to the Court's docket, an employee of the Clerk of Court spoke to Plaintiff on March 21, 2019. Plaintiff was no longer incarcerated at the Butler County Jail. The Court updated his address to 185 Dye Mill Road, Troy, Ohio. Plaintiff was to send a Notice of Change of Address.

On April 2, 2019, counsel for Defendant Dave Duchak filed a unilateral Rule 26(f) Report, noting that he had spoken to Plaintiff by telephone on March 21, 2019. Plaintiff indicated that he was planning to speak to an attorney the following day about possible representation. Thereafter, counsel for Defendant made repeated attempts to reach Plaintiff so that they could complete the Rule 26(f) Report. When he called the Butler County Jail, he was

told that Plaintiff was no longer incarcerated there, and Plaintiff had not provided a forwarding address or other contact information. Docs. ##87, 88.

On April 3, 2019, the Court issued a Show Cause Order, Doc. #89, directing Plaintiff to show cause in writing within 14 days why the action should not be dismissed with prejudice for failure to prosecute. The Court noted that no attorney had entered an appearance on Plaintiff's behalf, and Plaintiff had not yet filed a Notice of Change of Address. That Show Cause Order was sent to Marcum's Dye Mill Road address. Given that the Defendant was again booked into the Butler County Jail, this time on April 2, 2019, there is a real probability that he never received the Show Cause Order of April 3, 2019. Regardless, Plaintiff has failed to respond to the Show Cause Order within the time allotted. On April 10th, he did, however, file a "Response to Defendant[']s Rule 26(f) Filing and Report. Doc. #90. He indicated that he is again confined to the Butler County Jail and has not been able to contact counsel for Defendant. Plaintiff again indicated that he had spoken to an attorney who had expressed an interest in representing him. He planned to speak to him again on April 8, 2019, and it was his belief that this attorney would be filing a Notice of Appearance. Plaintiff asked the Court to stay these proceedings until further notice. During the week of April 15, 2019, this Court's office spoke with attorney Brad Anderson, in order to verify that he would be entering an appearance in the captioned matter on Plaintiff's behalf and, if he were, to urge him to do same instanter. Mr. Anderson's response was "[H]e's had some discussions with Ted Marcum but is not planning to enter a notice of appearance."

The Court OVERRULES Plaintiff's request to stay the proceedings, given that he has had ample time to find legal representation yet, to date, no attorney has entered an appearance on Plaintiff's behalf. Moreover, no attorney for Plaintiff appears to be on the horizon in the

foreseeable future. Since at least October 8, 2018, counsel for the Defendant has indicated that he has attempted to secure Plaintiff's cooperation in filing a Joint Rule 26(f) Report, See Doc. #76. Plaintiff, who has been in and out of the Butler County Jail, has failed to keep the Court and Defendant's counsel apprised of his current address and contact information. Plaintiff's failure to do so has made it impossible to move forward with this litigation. This is so, even though Defendant's counsel has filed a unilateral Rule 26(f) Order.

ACCORDINGLY, given the exigencies of this case, and the fact that Plaintiff has apparently alternated between his address in Troy and the Butler County Jail, this Court will attach to this Decision and Entry, which will be sent to him, at both the Butler County Jail and his address in Troy, Ohio, a blank form for the filling out of a Rule 26(f) Report. He may do so on a unilateral basis. Providing same is filed within ten days from date and, moreover, provided that same is filled out, both completely and realistically, the Court will attempt to "harmonize" each side's Rule 26(f) Report and submit to the parties a scheduling order in as prompt a manner as is possible. Failure of the Plaintiff to file his own Rule 26(f) Report or even should he file same, should said filing be defective in one or more particulars, the captioned cause will be dismissed, for want of prosecution.

April 24, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Ted Marcum, 185 Dye Mill Road, Troy, OH 45373
Ted Marcum, c/o Butler County Sheriff's Office, 705 Hanover Street, Hamilton, OH 45011
Grant Bacon

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

_____  :
                                 :   Case No.
         Plaintiff(s),           :
                                 :   District Judge _____
                                 :   Magistrate Judge _____
     vs.                         :
                                 :   RULE 26(f) REPORT OF PARTIES
_____  :   (to be filed not later than seven (7)
                                 :   days prior to the preliminary
         Defendant(s).           :   pretrial conference)

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on _____, and was attended by:

_____, counsel for plaintiff(s) _____

_____, counsel for plaintiff(s) _____

_____, counsel for plaintiff(s) _____

_____, counsel for defendant(s) _____

_____, counsel for defendant(s) _____

_____, counsel for defendant(s) _____

_____, counsel for defendant(s) _____

2. The parties:

____ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

____ will exchange such disclosures by _____.

____ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

____ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

____ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

____ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), <u>for trial purposes only</u>, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

_____

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: _____

6. Recommended discovery plan:

a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions and (3) prepare for trial:

_____

_____

_____

_____

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 40 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

_____

_____

_____

c. Additional recommended limitations on discovery:

_____

_____

_____

d. Recommended date for disclosure of lay witnesses.

_____

e. Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R.

Civ. P. 26(a)(2).

_____

_____

_____

_____

   f.  Recommended date for making primary expert designations:

_____

   g.  Recommended date for making rebuttal expert designations:

_____

   h.  The parties have electronically stored information in the following formats:

_____

_____

The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

_____

_____

_____

i. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

_____

_____

_____

Have the parties agreed on a procedure to assert such claims **AFTER** production?

_____ No

_____ Yes

_____ Yes, and the parties ask that the Court include their agreement in an order.

j. Recommended discovery cut-off date: _____

6. Recommended dispositive motion date: _____

7. Recommended date for status conference (if any): _____

8. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

_____

_____

_____

9. Recommended date for a final pretrial conference: _____

10. Has a settlement demand been made? _____ A response? _____

   Date by which a settlement demand can be made: _____

   Date by which a response can be made: _____

11. Other matters pertinent to scheduling or management of this litigation:

   _____

   _____

   _____

   _____

Signatures:

Attorney for Plaintiff(s):                          Attorney for Defendant(s)

_____          _____
Ohio Bar #                                          Ohio Bar #
Trial Attorney for                                  Trial Attorney for


_____          _____
Ohio Bar #                                          Ohio Bar #
Trial Attorney for                                  Trial Attorney for


_____          _____
Ohio Bar #                                          Ohio Bar #
Trial Attorney for                                  Trial Attorney for


_____          _____
Ohio Bar #                                          Ohio Bar #
Trial Attorney for                                  Trial Attorney for