IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TED MARCUM,                             :

        Plaintiff,
                          Case No. 3:17-cv-437

    v.                                  :     JUDGE WALTER H. RICE

SHERIFF DAVE DUCHAK,

        Defendant.                      :

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR
STAY OF PROCEEDINGS (DOC. #120); OVERRULING PLAINTIFF'S
REQUEST FOR PHOTOCOPIES (DOC. #122); SUSTAINING
DEFENDANT SHERIFF DAVE DUCHAK'S MOTION TO MODIFY THE
CASE SCHEDULE (DOC. #124); SUSTAINING PLAINTIFF'S MOTION
FOR LEAVE TO FILE EXCESS PAGES AND TO ATTACH AN
APPENDIX PERTAINING TO DISCOVERY ISSUES (DOC. #127);
VACATING AMENDED PRELIMINARY PRETRIAL ORDER (DOC.
#115); STAYING CASE THROUGH FEBRUARY 28, 2021;
CONFERENCE CALL SET FOR MARCH 3, 2021

---

This matter is currently before the Court on four pending motions:  (1)

Plaintiff's Motion for Stay of Proceedings (Doc. #120); (2) Plaintiff's Request for

Photocopies (Doc. #122); (3) Defendant Sheriff Dave Duchak's Motion to Modify

the Case Schedule (Doc. #124); and (4) Plaintiff's Motion for Leave to File Excess

Pages and to Attach an Appendix Pertaining to Discovery Issues (Doc. #127).

I.

*Pro se* Plaintiff Ted Marcum filed this suit in December of 2017.  Since that

time, Mr. Marcum has been in and out of jail on numerous occasions.  His frequent

incarcerations, and his failure to keep the Court and opposing counsel apprised of his current address, have led to numerous delays. In April of 2019, the Court ordered him to show cause why the action should not be dismissed for failure to prosecute. Doc. #89. The Court then agreed to give him "one final opportunity" to avoid dismissal for failure to prosecute. Doc. #91.

In September of 2019, the Court ordered the parties to file a Joint Amended Rule 26(f) Report in anticipation of a preliminary pretrial conference. Plaintiff was "strongly cautioned" that failure to cooperate with opposing counsel in filing the report, or failure to participate in the preliminary pretrial conference, may result in dismissal of the case. Doc. #96. Marcum failed to participate in that conference.

In March of 2020, Defendant filed a Motion to Dismiss for Failure to Prosecute, Doc. #106, noting that he had served Marcum with a First Set of Interrogatories and Requests for Production of Documents, but the discovery requests were returned as "addressee not known." Defendant argued that he was prejudiced by Marcum's repeated failures to keep him apprised of his current address, and noted that Marcum's deposition could not be scheduled until discovery requests were received. Marcum responded, citing problems with mail delivery. Doc. #108. On June 3, 2020, the Court overruled Defendant's Motion to Dismiss for Failure to Prosecute, Doc. #118.

The following week, Mr. Marcum notified the Court that he was once again incarcerated at the Butler County Jail, Doc. #119. He also filed a Motion for Stay of Proceedings and/or Motion for Appropriate Alternative Relief, Doc. #120. He

2

claims that, when he was taken into custody, he had not yet received Interrogatories allegedly sent to him by Defendant and, while in jail, he had no access to documents necessary to respond to the discovery requests. He noted, however, that, on March 31, 2020, he had filed numerous documents with the Court. Doc. #110. He asked that these be deemed sufficient to comply with Defendant's discovery requests. Marcum also asked for a stay of the proceedings until such time as he receives a paper copy of the discovery requests and has the opportunity to respond. Doc. #120.

Marcum then asked the Clerk of Court to photocopy, without charge, approximately 400-500 pages of documents filed in this case since March 1, 2020, and send them to him at the jail. Doc. #122.

Defendant responded, asking the Court to deny the requested stay. He re-served Marcum with paper copies of the discovery requests at the Butler County Jail. He asked the Court to reject Marcum's request that documents previously filed be deemed a sufficient response to those discovery requests, claiming that not only are those documents not fully responsive, but Marcum has not identified which documents are responsive to the specific document requests. Doc. #123.

Defendant also filed a Motion to Modify the Case Schedule, Doc. #124. He asks the Court to extend the deadlines for discovery and dispositive motions by approximately three-and-a-half months so that Marcum has time to respond to the outstanding discovery requests, and can then be deposed.

3

On July 8, 2020, Marcum filed a Response to Defendant's Motion Requesting to Modify the Case Scheduling Order, Along with Plaintiff's Reply to Discovery Issues, Doc. #126. He objects to the request for an extension of deadlines. Marcum maintains that Defendant has all of the documents that are in Marcum's possession and control, and demands that Defendant immediately depose him or waive his right to do so. In conjunction with this filing, Marcum filed a Motion for Leave to File Excess Pages and an Appendix Pertaining to Discovery Issues, Doc. #127.

Defendant then filed a Reply in Support of his Motion to Modify the Case Schedule, Doc. #128. He again argues that it would be inappropriate to deem Marcum's previous filing an adequate response to the discovery requests, and highly prejudicial to order Defendant to depose Marcum without complete discovery responses.

II.

According to state court records, Marcum recently pleaded guilty to breaking and entering, a fifth-degree felony. On July 21, 2020, he was sentenced to 5 years of community control, including successful completion of the MonDay program for a period of no longer than six months, plus Aftercare. *State v. Marcum*, Butler County Case No. CR2020-06-0689. On August 19, 2020, Marcum notified the Court of his new address at the MonDay program. Doc. #129.

4

III.

The Court SUSTAINS Plaintiff's Motion for Leave to File Excess Pages and to Attach an Appendix Pertaining to Discovery Issues, Doc. #127, but denies Marcum's request that his mass filing of documents on March 31, 2020, Doc. #110, be deemed a sufficient response to Defendant's outstanding discovery requests. Mr. Marcum must answer each interrogatory and identify which specific documents are responsive to each request for production of documents.

There is no question that the deadlines set in the Amended Preliminary Pretrial Order, Doc. #115, are no longer viable. Defendant is entitled to complete responses to written discovery prior to deposing Mr. Marcum. That deposition must be completed before Defendant can file a dispositive motion. Mr. Marcum's court-ordered participation in the MonDay program will no doubt make it difficult for him to respond to the outstanding written discovery requests, and for him to be deposed.

For this reason, the Court SUSTAINS Plaintiff's Motion for Stay of Proceedings, Doc. #120, and Defendant's Motion to Modify the Case Schedule, Doc. #124. The Court, however, OVERRULES Plaintiff's Request for Photocopies, Doc. #122.

The Court VACATES the Amended Preliminary Pretrial Order, Doc. #115, and STAYS the above-captioned case through February 28, 2021. If Mr. Marcum has not yet completed the MonDay portion of his sentence by that date, he shall

5

notify the Court so that the stay can be extended. The Court will hold a conference call on March 3, 2021, at 4:30 p.m., to set further deadlines and a new trial date.

Prior to that date, Plaintiff MUST notify this Court of his then-present address and phone number, in order that the Court might reach him at the above time. Failure to do so WILL result in the dismissal of this lawsuit with prejudice for failure to cooperate.

Date: August 31, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE