# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| TED MARCUM, | : Case No. 3:17-cv-437 |
| Plaintiff, | : District Judge Walter H. Rice |
| vs. | : Magistrate Judge Sharon L. Ovington |
| SHERIFF DAVE DUCHAK, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATIONS[1]

This matter is before the Court on Plaintiff Ted Marcum's Motion for Reconsideration (Doc. #140), and on Defendant Dave Duchak's Memorandum in Opposition to Plaintiff's Motion for Reconsideration. (Doc. #141).[2] For the reasons that follow, it is RECOMMENDED that Plaintiff's Motion for Reconsideration be DENIED.

### Factual & Procedural Background/The Parties' Claims

This three-and-a-half-year-old case has an extensive history involving both the state courts of Ohio and this Court. In October of 2017, Marcum entered a no-contest plea in the Miami County Municipal Court to a reduced charge of

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] Marcum has not filed a reply memorandum as to the current motion, and the time for doing so has expired. *See* S.D. Ohio Civ. R. 7.2(a)(2).

attempted breaking and entering. While serving the 180-day sentence imposed for that crime, Marcum filed a 99-page *pro se* complaint in the Miami County Common Pleas Court, setting forth claims for monetary relief under 42 U.S.C. § 1983 due to alleged violations of his civil rights, but also seeking declaratory and injunctive relief, including requests for habeas corpus and mandamus relief from his confinement. (*See* Doc. #1, Exh. 4, and Doc. #2). Named as Defendants were Duchak, the Miami County Sheriff who then had custody of Marcum; Miami County Municipal Court Judge Elizabeth S. Gutmann, who sentenced him; Stacy Wall, whom Marcum identified as an Assistant Prosecutor for Miami County; Public Defender Steve Layman; and Miami County Correctional Officer Rob Davey.[3] (*Id.*).

Due to conflicts of interest implicated by the inclusion of Miami County officials as Defendants, the matter was assigned to a visiting judge, who determined that Marcum's then-pending direct appeal deprived the Common Pleas Court of jurisdiction over his mandamus claim and also presented an adequate remedy for his habeas claim. (Doc. #1, Exh. 13). The visiting judge thus dismissed those two claims without prejudice. (*Id.*). Defendants then removed the matter to federal court. (Doc. #1). Marcum's motion seeking appointment of counsel,

---

[3] This Court has adopted the spelling of Davey's last name as stated by Defendants rather than the spelling set forth in Marcum's complaint. (*See* Doc. #1, p. 1, n.1).

certification of a class action, and a temporary protection order already was pending at that time. (Doc. #3).

Either shortly before or shortly after removal, all Defendants moved to dismiss the claims against them. (Docs. #4, 7, 9). On referral from District Judge Walter H. Rice, Magistrate Judge Michael R. Merz issued a series of at least 12 separate Report and Recommendations addressing the Defendants' motions to dismiss and various other issues raised by the parties. (*See* Docs. #16, 17, 18, 25, 28, 38, 39, 41, 56, 59, 64, 69). In the Report and Recommendations on Motions to Dismiss issued on February 23, 2018, Magistrate Judge Merz determined, *inter alia*, that Marcum's complaint failed to allege any viable claim against Defendant Duchak in his individual capacity. (Doc. #41, pp. 11-12). He recommended that all of Marcum's claims except his Equal Protection claim be dismissed. (*Id.*, pp. 18-19). A copy of that Report and Recommendations was served on Marcum and contained an express warning that "[f]ailure to make objections in accordance with th[e] procedure [set forth at Fed. R. Civ. P. 72(b)] may forfeit rights on appeal." (*Id.*, p. 19).

Although Marcum filed written objections to nearly all previous and subsequent Report and Recommendations (*see, e.g.,* Docs. #21 [objections to Docs. #16, 17]; 26 [objections to Docs. #16, 17, 18]; 34 [objections to Doc. #28]; 35 [objections to Doc. #25]; 61 [objections to Doc. #56]; 67 [objections to Doc.

#64]), he did <u>not</u> formally object to the Report and Recommendations on Motions to Dismiss. (*See* Doc. #49, p. 1). Accordingly, on March 19, 2018, Judge Rice adopted the recommendation as to the individual capacity claims, and dismissed all of Marcum's claims against Duchak except his Equal Protection claim. (Doc. #49).

More than three years later – on March 25, 2021 – Marcum filed his current motion asking the Court to reconsider Magistrate Judge Merz's February 23, 2018 Report and Recommendations on Motions to Dismiss (Doc. #41), as well as Judge Rice's March 19, 2018 Order adopting that Report and Recommendations. (Doc. #49, adopting Doc. #41).[4] Marcum's current challenge is directed only toward the dismissal of his claims against Duchak in his "individual capacity." (Doc. #140).

Marcum contends that he failed to object to Magistrate Judge Merz's recommendation that the claims against Duchak individually be dismissed only because he (Marcum) "did not notice" that aspect of the subject Report and Recommendations. (*Id.*, p. 2, citing Doc. #41, p. 11). Due to that purported "oversight," Marcum now claims to have been prevented from demonstrating that his complaint actually <u>does</u> contain allegations against Duchak for actions taken in

---

[4] While the opening paragraphs of Marcum's Motion to Reconsider identify Doc. **48** as the Order at issue (*see* Doc. #140, p. 1), both the March 19, 2018 date his motion specifies for the Order (*see id.*) and the motion's later references to Doc. **49** (*id.*, pp. 2, 5) make clear that Judge Rice's March 19, 2018 Order adopting Magistrate Judge Merz's February 23, 2018 Report and Recommendations regarding the individual capacity claims against Defendant Duchak (Doc. #49) is the Order that Marcum intends to target here – **not** the March 14, 2018 Order Adopting Third Supplemental Report and Recommendation and dismissing Marcum's habeas corpus claims without prejudice. (*See* Doc. #48, adopting Doc. #38).

4

his individual capacity – *i.e.*, Duchak's act of "enforcing the [Miami County Jail] policy" that denied Duchak a "free" phone call to an attorney, in violation of his constitutional right to counsel. (*Id.*, pp. 2-5). On that basis, Marcum contends that Duchak is subject to individual liability for his own conduct and on the theory of "supervisory liability," due to his "creating a policy or custom under which the unconstitutional practices occurred." (*Id.*, p. 10, n.9). Marcum suggests that fundamental fairness requires that he be permitted to proceed against Duchak in his individual capacity, and thus asks the Court to reconsider the dismissal of his individual capacity claims.

In opposing that motion, Defendant Duchak argues that Marcum has not satisfied Fed. R. Civ. P. 54(b)'s standard for relief from judgment, as his Motion for Reconsideration is both untimely and without merit. (Doc. #141). Contending that Marcum had ample prior opportunity to object to the dismissal of his claims against Duchak individually, Duchak urges that Marcum's proposition that he only recently realized that those claims had been dismissed does not warrant revisiting that issue. Further, Duchak contends that Marcum's complaint fails to allege that Duchak personally participated in any deprivation of rights that Marcum may have experienced, and that Marcum cannot now inject a theory of supervisory liability as a new means of holding Duchak personally liable. Duchak thus asks that Marcum's motion be denied.

## Standard of Review

   a. *Motions for Reconsideration*

As previously recognized by this Court, "[t]he Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Sherrod v. Wal-Mart Stores, Inc.*, No. 3:14-CV-454, 2021 WL 534613, at *4 (S.D. Ohio Feb. 12, 2021). Nevertheless, those rules do authorize a court, at any time before the entry of final judgment, to revise any order or decision that "adjudicates fewer than all the claims . . . of fewer than all the parties." Fed. R. Civ. P. 54(b). Accordingly, motions for reconsideration of interlocutory decisions have been treated as motions for relief under Rule 54(b). *See Sherrod* at *4.

Typically, a court will reconsider an interlocutory or non-final order only when there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.*, quoting *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009); *see also Ohio v. U.S. Env't Prot. Agency*, No. 2:15-CV-2467, 2019 WL 417297, at *2 (S.D. Ohio Feb. 1, 2019) ("[a]s a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority."), quoting *Meekison v. Ohio Dep't of Rehab. & Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998).

"Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Sherrod* at *4, quoting *Northeast Ohio Coalition for Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009). Although "frequently brought," motions for reconsideration should be "granted only in rare and unusual circumstances." *Z.H. by & through Hutchens v. Abbott Labs., Inc.,* No. 1:14CV176, 2017 WL 5462181, at *2 (N.D. Ohio Jan. 9, 2017), citing *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). Courts "need not and should not" reconsider their prior decisions "in the vast majority of instances, especially where [motions for reconsideration] merely restyle or re-hash the initial issues." *Id.*, quoting *McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F. Supp.1182, 1184 (N.D. Ohio 1996).

b. *Motions to Dismiss*

Because the challenged Report and Order resulted in the Court's granting in part Defendants' motions to dismiss, the Court also must consider the standard governing motions to dismiss. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed to test the sufficiency of the complaint. *Riverview Health Institute LLC v. Medical Mutual of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Doe v. Miami University*, 882 F.3d 579, 588 (6th Cir. 2018), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, quoting *Iqbal* at 678. On a motion to dismiss, "[w]e must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). However, conclusory allegations amounting to "a formulaic recitation of the elements" of a constitutional claim are "not entitled to be assumed to be true." *Ashcroft* at 681, citing *Twombly* at 554-555.

## Analysis

a. *Notice of individual capacity claims*

A considerable portion of Marcum's current memorandum is devoted to persuading the Court that his complaint gave sufficient notice of his intent to sue Duchak not merely in his official capacity, but also individually. (*See* Doc. #140, pp. 7-9). That argument is unnecessary. The "course of proceedings" test for which Marcum therein advocates applies only "[w]hen a § 1983 plaintiff fails to affirmatively plead capacity in the complaint." *Moore v. City of Harriman*, 272

8

F.3d 769, 773 (6th Cir. 2001). Here, Marcum's complaint states explicitly that Duchak "is sued in both his individual and official capacity." (Doc. #2, p. 2).

The question presented, then, is not whether Marcum gave adequate notice of his intent to pursue an individual capacity claim against Duchak, but whether the factual allegations of his complaint are sufficient to actually state a viable individual capacity claim against that Defendant. Marcum's unequivocal assertion of an "individual capacity" claim is not dispositive of that issue.

    b. *Waiver*

Before addressing the viability of Marcum's individual capacity claim, this Court must consider whether Marcum should be permitted to raise a challenge to Judge Rice's more than three-year-old decision dismissing that claim. From the outset, Marcum acknowledges that the subject individual capacity claims were dismissed after he failed to file written objections in accordance with Fed. R. Civ. P. 72(b) to the Report and Recommendations on Motions to Dismiss. (Doc. #140, p. 2). He attributes that omission to "oversight," as he purportedly "did not notice" the recommendation that his individual capacity claims against Duchak be dismissed. (*Id.*).

In a matter involving similar circumstances, the Sixth Circuit Court of Appeals treated a party's failure to object to a magistrate judge's report and recommendations as a waiver of the right to appellate review. *See Fraley v. Ohio*

9

*Dep't of Corr*., No. 16-4720, 2018 WL 2979902, at *2 (6th Cir. Mar. 22, 2018) (finding *pro se* Ohio inmate waived appeal by failing to file objections to recommendation that his claims be dismissed), citing *Thomas v. Arn*, 474 U.S. 140, 142, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011). S*ee also Lemaster v. Warden*, 860 F.2d 107 (Table), 1988 WL 1098262 (6th Cir. Oct. 19, 1988) and *Damron v. Scroggy*, 826 F.2d 1062 (Table), 1987 WL 38402 (6th Cir. Aug. 11, 1987), both citing *Arn*, *supra*. The same waiver rationale applies to Marcum's motion for reconsideration. Marcum was expressly warned that failing to file objections could preclude further review of the Court's decision on the issues before it. (*See* Doc. #41, p. 9). Despite being so cautioned, Marcum took no action, and has offered only his own "oversight" as an explanation for that omission.

After careful review of the record, the Court determines that Marcum should be held to have waived the right to seek reconsideration of both Magistrate Judge Merz's February 23, 2018 Report and Recommendations on Motions to Dismiss (Doc. #41) and Judge Rice's March 19, 2018 Order dismissing Marcum's individual capacity claims against Duchak. (Doc. #49). Although Marcum intimates that the Court committed "clear error" by dismissing those claims (Doc. #140, pp. 14-15), the primary "error" underlying Marcum's present predicament is his own mistake in negligently failing to file timely objections to the subject

Report and Recommendations. Nothing before this Court demonstrates that principles of fundamental fairness require revisiting the Court's three-year-old dismissal decision. The Court recommends denying Marcum's Motion for Reconsideration on that basis alone.

    c. *Merits of motion for reconsideration under Fed. R. Civ. P. 54(b)*

This Court's conclusion regarding waiver by Marcum obviates the need to further address his motion for reconsideration. Nevertheless, the Court also concludes that Marcum has not satisfied the standard applied to such motions made under Fed. R. Civ. P. 54(b). *See Sherrod*, No. 3:14-CV-454, 2021 WL 534613 at *4; *Louisville/Jefferson Cty. Metro Gov't*, 590 F.3d at 389; *Meekison*, 181 F.R.D. at 572. Marcum admits that his motion does not invoke new evidence or a change of law; instead, he relies solely on the applicable standard's remaining prong – that reconsideration is necessary in order "to correct a clear error or prevent manifest injustice." (Doc. #140, p. 15); *see Sherrod* at *4. In this instance, however, Marcum has demonstrated neither that the Court's prior decision was clearly erroneous nor that a manifest injustice will occur if he is not permitted to proceed with an Equal Protection claim against Duchak in his individual capacity.

    Magistrate Judge Merz concluded that Marcum's complaint "does not include allegations of personal participation by the Sheriff in any constitutional violations Marcum may have suffered." (Doc. #41, p. 12). Having reviewed the

same document, the undersigned agrees. With all factual allegations accepted as true, Marcum's complaint alleges only that Duchak, as Sheriff, was responsible for overseeing the Miami County Jail policy that allegedly denied inmates the ability to place a telephone call to an attorney without paying for that call. Specifically, the complaint alleges that Duchak "himself violated [Marcum's] right to obtain counsel when [Duchak] enforce[d] a local policy practice that prevented [Marcum] from being given a 'free' phone call for purposes of contacting an attorney." (Doc. #2, p. 6). The complaint further asserts that Duchak also violated Marcum's right to counsel by denying his grievances related to the alleged policy. (*Id.*). There is no allegation that Duchak personally denied Marcum a call to an attorney, that he personally subverted usual practices in order to deprive Marcum of such a call, or that he personally instructed some particular individual to deny Marcum such a call. Indeed, even the memorandum offered in support of Marcum's instant motion for reconsideration repeatedly points only to Duchak's alleged "enforce[ment]" of the no-free-call policy as a basis on which to hold him liable in his individual capacity. (*See* Doc. #140, pp. 3, 5, 6).

"The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008), quoting *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). As a result, Duchak cannot be held personally liable based on the

complaint's allegation that he denied Marcum's internal jail grievances related to accessing a free call to an attorney. (*See* Doc. #2, p. 6). Thus, only Marcum's allegation regarding Duchak's role in enforcing objectionable policy remains as a possible basis for the Sheriff's individual liability.

"[D]amage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Schs*, 655 F.3d 556, 564 (6th Cir. 2011), citing *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior*." *Iqbal,* 556 U.S. at 676. Rather, such officials are personally liable for damages under 42 U.S.C. § 1983 "'only for their own unconstitutional behavior.'" *Heyne* at 684, quoting *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *see also Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) ("We have long held that supervisory liability requires some 'active unconstitutional behavior' on the part of the supervisor. "), quoting *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999).

"[W]here an official's execution of his or her job function causes injury to the plaintiff, the official may be liable under the supervisory-liability theory." *Peatross* at 242, citing *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th

Cir.1992). To succeed on a supervisory liability theory, a plaintiff bringing suit under 42 U.S.C. § 1983 must show "[a]t a minimum . . . that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005), quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Even where the facts set forth in a complaint might support a claim on the basis of supervisory liability, however, such claims will not stand against a supervisor in his individual capacity if the plaintiff failed to plead supervisory liability. *See Culpepper v. Detroit Police Officer Harold Rochon*, No. 15-12386, 2015 WL 6437203, at *4 (E.D. Mich. Oct. 21, 2015); *see also Baytops v. Slominski*, No. 4:20-CV-11630, 2021 WL 2139093, at *6 (E.D. Mich. May 26, 2021) (granting summary judgment as to Section 1983 claims where plaintiff "d[id] not even *plead* supervisory liability") (emphasis sic).

Although Marcum's complaint does state that Duchak "enforce[d]" the no-call policy, nowhere does the complaint allege that Duchak was an active participant in the specific chain of events that led to someone at the jail refusing to allow Marcum to use a telephone to call an attorney. Furthermore, nowhere does that document use the terms "supervisor" or "supervisory liability" with regard to Duchak, or directly allege that he is personally liable due to "authoriz[ing], approv[ing] or knowingly acquiesc[ing] in the unconstitutional conduct of"

14

subordinates alleged to have refused Marcum access to a telephone. *See Turner*, 412 F.3d at 643. Although federal courts generally hold *pro se* litigants "to a less stringent pleading standard than a party with an attorney[,] . . . 'more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.'" *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008), citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) and quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988); *see also Kamppi v. Ghee,* 208 F.3d 213 (table), 2000 WL 303018, at *1 (6th Cir. May 14, 2000) ("the less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations"). As a result, the current motion's belated attempt to re-cast Marcum's individual capacity claim against Duchak as being based upon "supervisory liability" (*see* Doc. #140, pp. 9-12) is unavailing.

Finally, assuming *arguendo* that Marcum's complaint were capable of being construed to plausibly set forth a viable individual capacity claim against Duchak, Marcum still would be required to overcome the substantial hurdle of the qualified immunity defense before damages could be awarded against Duchak on that claim. *See, e.g., Watson v. City of Marysville*, 518 F. App'x 390, 393–94 (6th Cir. 2013); *Peatross*, 818 F.3d at 422. Without delving into a detailed quality immunity analysis, this Court sees no implication of "manifest injustice" in limiting Marcum,

who no longer is in custody for the criminal charge at issue herein, to proceeding for an award of compensatory damages only as to an official capacity claim for the Equal Protection violation alleged, while excluding any individual capacity claim.

**IT THEREFORE IS RECOMMENDED THAT**:

1. Plaintiff Ted Marcum's Motion for Reconsideration (Doc. #140) be DENIED; and

2. This matter hereafter proceed as to the sole remaining issue of Marcum's Equal Protection claim against Defendant Dave Duchak in his official capacity only.

June 23, 2021                                  *s/ Sharon L. Ovington*
                                               Sharon L. Ovington
                                               United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).